1   TOMIO B. NARITA (SBN 156576)
    JEFFREY A. TOPOR (SBN 195545)
2   SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
3   San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
4   Facsimile:   (415) 352-2625
    tnarita@snllp.com
5   jtopor@snllp.com

6   Attorneys for Defendants
    Global Acceptance Company, LLC
7   and GAC GP, LLC

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12  JENNIFER LEIGH REED,              )  CASE NO.: C08 01826 RMW (RS)
                                      )
13           Plaintiff,               )
                                      )  **ANSWER OF DEFENDANTS TO**
14      vs.                           )  **COMPLAINT**
                                      )
15                                    )
    GLOBAL ACCPETANCE CREDIT          )
16  COMPANY, a Texas Limited          )
    Partnership; and GAC GP, LLC, a   )
17  Texas Corporation,                )
                                      )
18           Defendants.              )
                                      )
19  _____ )

20

21

22

23

24

25

26

27

28

Defendants GLOBAL ACCEPTANCE CREDIT COMPANY and GAC GP, LLC ("Defendants") hereby submits the following Answer to the Complaint filed in this action by plaintiff JENNIFER LEIGH REED ("Plaintiff"):

1.    In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.    In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d), 28 U.S.C. § 1337 and that supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.    Denied.

4.    In answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and that venue is proper pursuant to 15 U.S.C. § 1692k(d). Defendants further admit that Global Acceptance Credit Company transacts interstate business with residents of the Northern District of California. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.    In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff alleges that this lawsuit should be assigned to the San Jose Division of this Court. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.    In answering Paragraph 6 of the Complaint, Defendants admit, on information and belief, that Plaintiff is a natural person residing in Santa Clara County, California. Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff

qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as defined by California Civil Code § 1788.2(h).  On that basis, Defendants deny the allegations.  Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7.    In answering Paragraph 7 of the Complaint, Defendants admit that defendant Global Acceptance Credit Company ("Global") is a Texas limited partnership with its principal place of business located at 5850 West Interstate 20, Suite 100, Arlington, Texas 76017.  Defendants further admit that Global has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) and that it uses the mail and telephone to conduct its business.  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.    In answering Paragraph 8 of the Complaint, Defendants admit that defendant GAC GP, LLC ("GAC") is a Texas limited liability company with its principal place of business located at 5850 West Interstate 20, Suite 100, Arlington, Texas 76017.  Defendants further admit that GAC is a general partner of Global. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.    Denied.

10.    Admitted.

11.    Admitted.

12.    In answering Paragraph 12 of the Complaint, Defendants admit that Global sent Plaintiff a letter dated April 10, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13.    In answering Paragraph 13 of the Complaint, Defendants admit that Global sent Plaintiff a letter dated April 10, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14.    In answering Paragraph 14 of the Complaint, Defendants admit that Global sent Plaintiff a letter dated April 10, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

1        15.    In answering Paragraph 15 of the Complaint, Defendants admit that Global

2   sent Plaintiff, a letter dated April 10, 2007, the contents of which are self-explanatory.

3   Defendants admit that this letter was Global's first correspondence to Plaintiff.  Except

4   as herein admitted, the remaining allegations of Paragraph 15 are denied.

5        16.    In answering Paragraph 16 of the Complaint, Defendants admit that Global

6   received a letter from Plaintiff dated April 25, 2007, the contents of which are self-

7   explanatory.  Except as herein admitted, the remaining allegations of Paragraph 16 are

8   denied.

9        17.    In answering Paragraph 17 of the Complaint, Defendants admit that Global

10  received a letter from Plaintiff dated April 25, 2007, the contents of which are self-

11  explanatory.  Except as herein admitted, the remaining allegations of Paragraph 17 are

12  denied.

13       18.    In answering Paragraph 18 of the Complaint, Defendants admit that Global

14  received, on or about May 3, 2007, a letter from Plaintiff dated April 25, 2007, the

15  contents of which are self-explanatory.  Except as herein admitted, the remaining

16  allegations of Paragraph 18 are denied.

17       19.    In answering Paragraph 19 of the Complaint, Defendants admit that Global

18  received, on or about May 3, 2007, a letter from Plaintiff dated April 25, 2007, the

19  contents of which are self-explanatory.  Except as herein admitted, the remaining

20  allegations of Paragraph 19 are denied.

21       20.    In answering Paragraph 20 of the Complaint, Defendants admit that Global

22  received, on or about May 3, 2007, a letter from Plaintiff dated April 25, 2007.

23  Defendants further admit that after that date, representatives of Global contacted

24  Plaintiff.  Except as herein admitted, the remaining allegations of Paragraph 20 are

25  denied.

26       21.    In answering Paragraph 21 of the Complaint, Defendants admit that Global

27  sent a letter to Plaintiff dated July 25, 2007, the contents of which are self-explanatory.

28  Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22.    In answering Paragraph 22 of the Complaint, Defendants admit that Global sent a letter to Plaintiff dated August 7, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23.    In answering Paragraph 23 of the Complaint, Defendants admit that Global sent a letter to Plaintiff dated August 7, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24.    In answering Paragraph 24 of the Complaint, Defendants admit that Global sent a letter to Plaintiff dated August 7, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25.    In answering Paragraph 25 of the Complaint, Defendants admit that a representative of Global placed a telephone call to Plaintiff on or about August 27, 2007 and left a message on Plaintiff's answering machine, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26.    In answering Paragraph 26 of the Complaint, Defendants admit that a representative of Global placed a telephone call to Plaintiff on or about September 10, 2007 and left a message on Plaintiff's answering machine, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27.    In answering Paragraph 27 of the Complaint, Defendants admit that a representative of Global placed a telephone call to Plaintiff on or about September 13, 2007 and left a message on Plaintiff's answering machine, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28.    In answering Paragraph 28 of the Complaint, Defendants admit that a representative of Global placed a telephone call to Plaintiff on or about September 17, 2007 and left a message on Plaintiff's answering machine, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29.    In answering Paragraph 29 of the Complaint, Defendants admit that a representative of Global placed a telephone call to Plaintiff on or about October 2, 2007 and left a message on Plaintiff's answering machine, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

30.    In answering Paragraph 30 of the Complaint, Defendants admit that a representative of Global placed a telephone call to Plaintiff on or about October 5, 2007 and left a message on Plaintiff's answering machine, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 30 are denied.

31.    Denied

32.    Denied.

33.    In answering Paragraph 33 of the Complaint, Defendants admit that Global sent a letter to Plaintiff dated October 5, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 33 are denied.

34.    In answering Paragraph 34 of the Complaint, Defendants admit that Global sent a letter to Plaintiff dated October 5, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 34 are denied.

35.    In answering Paragraph 35 of the Complaint, Defendants admit that Global sent a letter to Plaintiff dated October 5, 2007, the contents of which are self-

explanatory.  Except as herein admitted, the remaining allegations of Paragraph 35 are denied.

36.    In answering Paragraph 36 of the Complaint, Defendants admit that Global sent a letter to Plaintiff dated January 24, 2008, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 36 are denied.

37.    In answering Paragraph 37 of the Complaint, Defendants admit that Global sent a letter to Plaintiff dated January 24, 2008, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 37 are denied.

38.    In answering Paragraph 38 of the Complaint, Defendants admit that Global sent a letter to Plaintiff dated January 24, 2008, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 38 are denied.

39.    In answering Paragraph 39 of the Complaint, Defendants admit that Plaintiff purports to bring her first claim for relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  Except as herein admitted, the remaining allegations of Paragraph 39 are denied.

40.    Defendant incorporates by reference paragraphs 1-38 above, as if fully stated herein.

41.    Admitted.

42.    In answering Paragraph 42 of the Complaint, Defendants admit that Global has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 42 are denied.

43.    Denied.

44.    Admitted.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied

49.    In answering Paragraph 49 of the Complaint, Defendants admit that Plaintiff purports to bring her second claim for relief under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 -1788.33.  Except as herein admitted, the remaining allegations of Paragraph 49 are denied.

50.    Defendant incorporates by reference paragraphs 1-48 above, as if fully stated herein.

51.    Admitted.

52.    In answering Paragraph 52 of the Complaint, Defendants admit that Global has, at times, acted as a debt collector as defined by Cal. Civ. Code § 1788.2(c).  Except as herein admitted, the remaining allegations of Paragraph 52 are denied.

53.    Denied.

54.    Admitted.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    In answering Paragraph 61 of the Complaint, Defendants aver that the contents of Cal. Civ. Code § 1788.32 are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 61 are denied.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

1                        **SIXTH AFFIRMATIVE DEFENSE**

2                             **(Failure to Mitigate)**

3        Plaintiff, although under a legal obligation to do so, has failed to take reasonable

4  steps to mitigate any alleged damages that she may have and is therefore barred from

5  recovering damages, if any, from Defendants.

6

7                       **SEVENTH  AFFIRMATIVE DEFENSE**

8                                 **(Waiver)**

9        Plaintiff has waived her rights, if any, to recover the relief she seeks in the

10  Complaint based upon her own conduct and admissions with respect to the debt.

11

12                       **EIGHTH AFFIRMATIVE DEFENSE**

13                            **(Good Faith)**

14        Defendant have, at all material times with respect to Plaintiff, acted in good faith

15  in an effort to comply fully with all relevant federal and state laws.

16

17                       **NINTH AFFIRMATIVE DEFENSE**

18                          **(Apportionment)**

19        Without admitting that any damages exist, if damages were suffered by Plaintiff

20  as alleged in the Complaint, those damages were proximately caused by and contributed

21  by persons other than Defendants.  The liability, if any exists, of all Defendants and/or

22  any responsible parties, named or unnamed, should be apportioned according to their

23  relative degrees of fault, and the liability of these Defendants should be reduced

24  accordingly.

25

26

27

28

## TENTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes on her unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Debt Collector)

Defendant GAC GP, LLC is not a debt collector under state or federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' alleged conduct and communications in attempting to collect a debt are entitled to protection under the First Amendment of the Constitution of the United

1  States.  Plaintiff's proposed interpretation of the provisions of the FDCPA and

2  Rosenthal Act must be rejected as they would place an unreasonable restraint upon the

3  exercise of Defendants' rights, thereby raising serious constitutional issues.

4

5         WHEREFORE, Defendants request judgment as follows:

6         1.   That Plaintiff takes nothing by the Complaint, which should be dismissed

7  with prejudice.

8         2.   That Defendants recover from Plaintiff costs according to proof.

9         3.   That Defendants recover attorneys' fees according to proof.

10        4.   That the Court orders such other further reasonable relief as the Court may

11  deem just and proper.

12

13  DATED: April 30, 2008              SIMMONDS & NARITA LLP
                                       TOMIO B. NARITA
14                                     JEFFREY A. TOPOR

15

16
                               By:    s/Tomio B. Narita
17                                    Tomio B. Narita
                                      Attorneys for Defendants
18                                    Global Acceptance Credit Company and
                                      GAC GP, LLC
19

20

21

22

23

24

25

26

27

28