1   Fred W. Schwinn (SBN 225575)
    fred.schwinn@sjconsumerlaw.com
2   Jovanna R. Longo (SBN 251491)
    jovanna.longo@sjconsumerlaw.com
3   CONSUMER LAW CENTER, INC.
    12 South First Street, Suite 1014
4   San Jose, California  95113-2418
    Telephone Number: (408) 294-6100
5   Facsimile Number: (408) 294-6190

6   Attorneys for Plaintiff
    JENNIFER LEIGH REED
7

8                  **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                          **SAN JOSE DIVISION**

10  JENNIFER LEIGH REED,                    Case No.  C08-01826-RMW-RS

11                          Plaintiff,      **MOTION FOR SUMMARY
                                            JUDGMENT AGAINST
12  v.                                      DEFENDANT, GLOBAL
                                            ACCEPTANCE CREDIT COMPANY**
13  GLOBAL ACCEPTANCE CREDIT
    COMPANY, a Texas Limited Partnership; and   Date:      June 27, 2008
14  GAC GP, LLC, a Texas Limited Liability       Time:      9:00 a.m.
    Corporation,                                 Judge:     Honorable Ronald M.
15                                                          Whyte
                            Defendants.          Courtroom: 6, 4th Floor
16                                               Place:     280 South First Street
                                                            San Jose, California
17

18          COMES NOW the Plaintiff, JENNIFER LEIGH REED, by and through her attorneys,  Fred

19  W. Schwinn and Jovanna R. Longo of the Consumer Law Center, Inc., and pursuant to Fed. R. Civ.

20  P. 56 and Civil L.R. 7-2, hereby moves this Court for an Order:  1) declaring that Defendant's

21  answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §

22  1692e(11);  2) declaring that Defendant's collection activities violated the Fair Debt Collection

23  Practices Act, 15 U.S.C. § 1692c(c); 3) declaring that Defendant's answering machine messages

24  violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17; 4) declaring

25  that Defendant's collection activities violated the Rosenthal Fair Debt Collection Practices Act, Cal.

26  Civil Code § 1788.17; 5) awarding Plaintiff statutory damages in an amount not exceeding $1,000

27  pursuant to 15 U.S.C. § 1692k(a)(2)(A); 6) awarding Plaintiff statutory penalty in an amount not less

28  than $100 and not exceeding $1,000 pursuant Cal. Civil Code § 1788.30(b); 7) awarding Plaintiff

-1-

1   statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as

2   incorporated by Cal. Civil Code § 1788.17; 8) awarding Plaintiff the costs of this action and

3   reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c)

4   and 1788.17;  and 9) awarding Plaintiff such other and further relief as may be just and proper.  In

5   support of her Motion, Plaintiff states as follows:

6           1.     No material issues of fact are in dispute concerning Defendant's liability,

7   therefore, Plaintiff is entitled to summary judgment as a matter of law.

8           2.     Plaintiff further refers the Court to her Memorandum of Points and

9   Authorities in Support filed simultaneously herewith.

10

11                                            CONSUMER LAW CENTER, INC.

12

                                              By: /s/ Jovanna R. Longo
13                                                 Jovanna R. Longo
                                                   Fred W. Schwinn
14                                                 Attorneys for Plaintiff
                                                   JENNIFER LEIGH REED
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

MOTION FOR SUMMARY JUDGMENT                                    Case No.  C08-01826-RMW-RS

1   Fred W. Schwinn (SBN 225575)
    fred.schwinn@sjconsumerlaw.com
2   Jovanna R. Longo (SBN 251491)
    jovanna.longo@sjconsumerlaw.com
3   CONSUMER LAW CENTER, INC.
    12 South First Street, Suite 1014
4   San Jose, California  95113-2418
    Telephone Number: (408) 294-6100
5   Facsimile Number: (408) 294-6190

6   Attorney for Plaintiff
    JENNIFER LEIGH REED

7

8

9                   IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                           SAN JOSE DIVISION

11  JENNIFER LEIGH REED,                    Case No.  C08-01826-RMW-RS

12                        Plaintiff,         NOTICE OF MOTION FOR
                                             SUMMARY JUDGMENT AGAINST
13  v.                                       DEFENDANT, GLOBAL
                                             ACCEPTANCE CREDIT COMPANY
14  GLOBAL ACCEPTANCE CREDIT
    COMPANY, a Texas Limited Partnership; and   Date:        June 27, 2008
15  GAC GP, LLC, a Texas Limited Liability       Time:        9:00 a.m.
    Corporation,                                 Judge:       Honorable Ronald M.
16                                                            Whyte
                          Defendants.           Courtroom:   6, 4th Floor
17                                              Place:       280 South First Street
                                                             San Jose, California
18

19  TO:  ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:

20          PLEASE TAKE NOTICE that on June 27, 2008, at 9:00 a.m., or as soon thereafter as this

21  matter may be heard, in Courtroom 6 of the United States District Court located at 280 South First

22  Street, San Jose, California, before the Honorable Ronald M. Whyte, United States District Judge,

23  Plaintiff, JENNIFER LEIGH REED ("Movant"), will move the Court for an Order: 1) declaring that

24  Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C.

25  § 1692e(11);  2) declaring that Defendant's collection activities violated the Fair Debt Collection

26  Practices Act, 15 U.S.C. § 1692c(c); 3) declaring that Defendant's answering machine messages

27  violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17; 4) declaring

28  that Defendant's collection activities violated the Rosenthal Fair Debt Collection Practices Act, Cal.

                                          -1-
    NOTICE OF MOTION FOR SUMMARY JUDGMENT        Case No. C08-01826-RMW-RS

Civil Code § 1788.17; 5) awarding Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 6) awarding Plaintiff statutory penalty in an amount not less than $100 and not exceeding $1,000 pursuant Cal. Civil Code § 1788.30(b); 7) awarding Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as incorporated by Cal. Civil Code § 1788.17; 8) awarding Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17;  and 9) awarding Plaintiff such other and further relief as may be just and proper.

This motion is made pursuant to Fed. R. Civ. P. 56 and Civil L.R. 7-2 on the grounds that there no material issues of fact in dispute concerning Defendant's liability, therefore, Movant is entitled to summary judgment as a matter of law.

This motion is based on this Notice; the Motion for Summary Judgment Against Defendant, Global Acceptance Credit Company; the Memorandum of Points and Authorities in Support of Motion for Summary Judgment against Defendant, Global Acceptance Credit Company; the Declaration of Jennifer Leigh Reed in Support of Motion for Summary Judgment Against Defendant, Global Acceptance Credit Company; and such other evidence, argument, and authorities which may be presented at or prior to the hearing before this Court on this Motion, and such other and further matters of which this Court may take judicial notice.

Please govern yourself accordingly.

CONSUMER LAW CENTER, INC.

Dated: May 22, 2008                    By: /s/ Jovanna R. Longo
                                           Jovanna R. Longo
                                           Fred W. Schwinn
                                           Attorneys for Plaintiff
                                           JENNIFER LEIGH REED

NOTICE OF MOTION FOR SUMMARY JUDGMENT                    Case No. C08-01826-RMW-RS

1   Fred W. Schwinn (SBN 225575)
    fred.schwinn@sjconsumerlaw.com
2   Jovanna R. Longo (SBN 251491)
    jovanna.longo@sjconsumerlaw.com
3   CONSUMER LAW CENTER, INC.
    12 South First Street, Suite 1014
4   San Jose, California  95113-2418
    Telephone Number: (408) 294-6100
5   Facsimile Number: (408) 294-6190

6   Attorneys for Plaintiff
    JENNIFER LEIGH REED
7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10  JENNIFER LEIGH REED,                    Case No.  C08-01826-RMW-RS

11                          Plaintiff,      MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF
12  v.                                      MOTION FOR SUMMARY
                                            JUDGMENT
13  GLOBAL ACCEPTANCE CREDIT
    COMPANY, a Texas Limited Partnership; and   Date:      June 27, 2008
14  GAC GP, LLC, a Texas Limited Liability      Time:      9:00 a.m.
    Corporation,                                Judge:     Honorable Ronald M.
15                                                         Whyte
                            Defendants.     Courtroom: 6, 4th Floor
16                                          Place:     280 South First Street
                                                       San Jose, California
17

18         COMES NOW the Plaintiff, JENNIFER LEIGH REED, by and through her attorneys, Fred

19  W. Schwinn and Jovanna R. Longo of the Consumer Law Center, Inc., and hereby submits her

20  Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment filed

21  herein.

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No.  C08-01826-RMW-RS

1

# TABLE OF CONTENTS

2 TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

3 TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4 INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5 PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6 FACTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7 STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8 SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9 STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10 ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11      A.   THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED
12             TO ANALYZE VIOLATIONS OF THE FDCPA . . . . . . . . . . . . . . . . . . . . . . . 6

13      B.   UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA,
            PLAINTIFF HAS PLED NUMEROUS VIOLATIONS OF THE ACT, AS
14             SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED
            CONSUMER" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15           1.   DEFENDANT, GLOBAL, FAILED TO CEASE COLLECTION
16                ACTIVITY AGAINST PLAINTIFF AFTER RECEIVING
               NOTIFICATION THAT SHE REFUSED TO PAY THE DEBT, IN
17                VIOLATION OF 15 U.S.C. § 1692c(c).. . . . . . . . . . . . . . . . . . . . . . . . . 9

18           2.   DEFENDANT, GLOBAL, FAILED TO DISCLOSE THAT THE
               COMMUNICATIONS WERE FROM A DEBT COLLECTOR, IN
19                VIOLATION OF 15 U.S.C. § 1692e(11).. . . . . . . . . . . . . . . . . . . . . . 10

20      C.   DEFENDANT HAS VIOLATED CAL. CIVIL CODE § 1788.17 OF THE
            RFDCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

21      D.   THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM
22             STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA . . . . . 11

23      E.   PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
            CODE § 1788.30(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

24      F.   PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
25             CODE § 1788.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

26      G.   BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE
            EXPRESSED THEIR INTENT THAT THE REMEDIES FOR
27             VIOLATIONS OF THE FDCPA AND RFDCPA BE CUMULATIVE. . . . . . 12

28

      H.     PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND
           COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

## TABLE OF AUTHORITIES

2

### <u>CASES</u>

3

*Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . 13

*Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004). . . . . . . . . . . . . . . . . . . . 13

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . 4, 5

*Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . 7, 8, 9

*Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . 4

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). . . . . . . . . . . 5

*Chapman v. ACB Business Services*, Inc.,
1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729 (D. Haw. January 4, 2004) . . . . . . . . 8

*Dutton v. Wolpoff & Abramson*, 5 F.3d 649 (3rd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Edstrom v. A.S.A.P. Collection Services*,
2005 U.S. Dist. LEXIS 2773 (N.D. Cal. February 22, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*EEOC v. Farmer Bros. Co.,* 31 F.3d 891 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Emanuel v. American Credit Exchange*, 870 F.2d 805 (2nd Cir. 1989) . . . . . . . . . . . . . . . . . . . 10

*Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031 (W.D. Wis. 2002) . . . . . . 9

*Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005). . . . . . . . . . . 11

*Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pipiles v. Credit Bureau*, Inc., 886 F.2d 22 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997) . . . . . . . . . . 9

*Rieber v. Kovelman (In re Kovelman),* 1995 U.S. App. LEXIS 8487
(9th Cir. April 6, 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988). . . . . . . . . . . . . . . . . . . 7, 8, 11

*Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . 8

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Sakuma v. First National Credit Bureau,*
1989 U.S. Dist. LEXIS 19120 (D. Haw. November 15, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Schneider v. TRW, Inc.,* 938 F.3d 986 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir. 1971). . . . . . . . . . . . . . . . 4

*Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) . . . . . . . . . . . . 7

*Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988) . . . . . . . . . . . . . . . . 7

*Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) . . . . . . . . . . . . 8, 9

*Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989) . . . . . . . . . . . . . 9

*Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,*
809 F.2d 626 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States. v. National Financial Services*, 98 F.3d 131 (4th Cir. 1996) . . . . . . . . . . . . . . . . 7

*United States v. Trans Continental Affiliates,*
1997 U.S. Dist. LEXIS 388 (N.D. Cal. January 8, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) . . . . . . . . . . . . . . . . . 14

## STATUTES

15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

15 U.S.C. § 1692c(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

1    15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2    15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3    15 U.S.C. § 1692e(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4    15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5    15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6    15 U.S.C. § 1692k(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7    15 U.S.C. § 1692k(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

8    15 U.S.C. § 1692n . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

9    Cal. Civil Code § 1788.2(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

10   Cal. Civil Code § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

11   Cal. Civil Code § 1788.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12   Cal. Civil Code § 1788.30(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

13   Cal. Civil Code § 1788.30(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

14   Cal. Civil Code § 1788.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15                                                      **RULES**

16   Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

17   Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18

19

20

21

22

23

24

25

26

27

28

1

## I.  INTRODUCTION

2        This case was brought by JENNIFER LEIGH REED (hereinafter "Plaintiff") against a debt

3  collection agency, GLOBAL ACCEPTANCE CREDIT COMPANY, (hereinafter "GLOBAL") and

4  its general partner, GAC GP, LLC, (hereinafter "GAC"), (hereinafter collectively referred to as

5  "Defendants").  Plaintiff alleges various violations of the Fair Debt Collection Practices Act, 15

6  U.S.C. §§ 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices

7  Act, Cal. Civil Code § 1788, *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from

8  engaging in abusive, deceptive and unfair practices.  Plaintiff seeks statutory damages, attorney fees

9  and costs under the FDCPA and RFDCPA.

10        This case arises out of several collection letters and answering machine messages that were

11  received by Plaintiff from Defendants.  The alleged debt being collected was used for personal,

12  family or household purposes.  Plaintiff alleges that Defendants continued to communicate with

13  Plaintiff in an attempt to collect the alleged debt after receiving a letter notifying Defendants of

14  Plaintiff's refusal to pay the alleged debt.  Plaintiff also alleges that Defendants failed to disclose

15  that communications were from a debt collector.

16        Plaintiff hereby moves for summary judgment on her claims for violation of 15 U.S.C. §§

17  1692c(c) and 1692e(11), and of Cal. Civil Code § 1788.17.

18

## II.  PROCEDURAL HISTORY

19        On April 4, 2008, Plaintiff filed a Complaint in this action against Defendants.[1]  Thereafter,

20  Defendants filed their Answer on April 30, 2008.[2]  On May 22, 2008, Plaintiff's Motion for

21  Summary Judgment was filed herein.  This Memorandum of Points and Authorities is submitted in

22  support thereof.

23

## III.  FACTS OF THE CASE

24        Plaintiff,  JENNIFER LEIGH REED, is a "consumer" within the meaning of 15 U.S.C. §

25

26  _____

27        [1]  Doc. 1.

28        [2]  Doc. 5.

_____

MEMORANDUM OF POINTS AND AUTHORITIES  -1-              Case No.  C08-01826-RMW-RS

1  1692a(3),[3] and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).[4] Defendant, GLOBAL

2  ACCEPTANCE CREDIT COMPANY, is a Texas partnership engaged in the business of collecting

3  consumer debts.[5]

4          On a date or dates unknown to Plaintiff, Plaintiff allegedly incurred a financial obligation

5  for personal, family or household purposes, which is therefore a "debt" as that term is defined by

6  15 U.S.C. § 1692a(5),[6] and Cal. Civil Code § 1788.2(f).[7] Sometime thereafter, the alleged debt was

7  sold, assigned or otherwise transferred to Defendants for collection from Plaintiff.[8]

8          On or about April 10, 2007, Defendants sent a collection letter to Plaintiff.[9] This collection

9  letter was Defendants' first written notice to Plaintiff in connection with collecting the alleged

10 debt.[10]  Thereafter, on or about April 25, 2007, Plaintiff mailed a letter to Defendants which stated:

11 "Please be advised that I dispute this debt and refuse to pay."[11] Defendants received Plaintiff's letter

12 disputing the alleged debt and refusing to pay the alleged debt on or about May 2, 2007.[12]

13         After receiving Plaintiff's letter disputing the alleged debt and refusing to pay the alleged

14 debt, Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt

15

16 _____

17    [3]  Complaint (Doc. 1) ¶¶ 6 and 41; Answer (Doc. 5) ¶¶ 6 and 41.

18    [4]  Complaint (Doc. 1) ¶¶ 6 and 51; Answer (Doc. 5) ¶¶ 6 and 51.

19    [5]  Complaint (Doc. 1) ¶¶ 7 and 42; Answer (Doc. 5) ¶¶ 7 and 42.

20    [6]  Complaint (Doc. 1) ¶¶ 10 and 44; Answer (Doc. 5) ¶¶ 10 and 44.

21    [7]  Complaint (Doc. 1) ¶¶ 10 and 54; Answer (Doc. 5) ¶¶ 10 and 54.

22    [8]  Complaint (Doc. 1) ¶ 11; Answer (Doc. 5) ¶ 11.

23    [9]  Complaint (Doc. 1) ¶¶ 12, 14; Answer (Doc. 5) ¶¶ 12, 14; Declaration of Jennifer Leigh
24 Reed in Support of Motion for Summary Judgment Against Defendant, Global Acceptance Credit
   Company (hereinafter "Plaintiff's Declaration")  ¶¶ 5 and 6.
25
      [10]  Plaintiff's Declaration ¶ 6.
26
      [11]  Complaint (Doc. 1) ¶ 16; Answer (Doc. 5) ¶ 16; Plaintiff's Declaration ¶ 8.
27
      [12]  Complaint (Doc. 1) ¶ 18; Answer (Doc. 5) ¶ 18; Plaintiff's Declaration ¶ 10.
28

1     from Plaintiff.[13]  Defendants sent three more collection letters to Plaintiff, even though Plaintiff

2     notified Defendants that she refused to pay the debt being collected.[14]  These collection letters were

3     sent by Defendants on or about August 7, 2007,[15] October 5, 2007,[16] and January 24, 2008.[17]

4            In addition to these collection letters, Defendants recorded several messages on Plaintiff's

5     answering machine.  On September 10, 13, 17, and October 5, 2007, Defendants recorded the

6     following automated message on Plaintiff's answering machine:

7
8          This message is for Jennifer Reed.  This is Global Acceptance Credit Company.  I
need you or someone on your behalf to contact our office today regarding a very
important matter which requires your immediate attention.  Our toll-free number is
866-881-2590.  When returning this call, refer to file number 624929.  Once again,
9          this is Global Acceptance Credit Company.  Contact our office today.  866-881-
2590.[18]
10

11            On or about August 27, 2007, an employee of Defendants' recorded the following message

12     on Plaintiff's answering machine:

13          Hi, this message is for Jennifer Reed.  Jennifer Reed, My name is Mr. Lee, manager
for the firm of Global Acceptance.  Uh, Jennifer, I need either you or someone on
14          your behalf to contact my office today in regard to very important file that is time-
sensitive.  Now, my number is 866-881-2590.  Refer to file number 624929 when
15          calling.[19]

16            On or about October 2, 2007, Defendants recorded the following automated message on

17     Plaintiff's answering machine:

18          This message is for Jennifer Reed.  If you are not Jennifer Reed, please disconnect

19

20         [13]  <u>Complaint</u> (Doc. 1) ¶ 19; <u>Answer</u> (Doc. 5) ¶ 19; <u>Plaintiff's Declaration</u> ¶ 12.

21         [14]  <u>Complaint</u> (Doc. 1) ¶¶ 22, 24, 33, 35, 36, 38; <u>Answer</u> (Doc. 5) ¶¶ 22, 24, 33, 35, 36, 38;
22     <u>Plaintiff's Declaration</u> ¶ 8.

23         [15]  <u>Complaint</u> (Doc. 1) ¶¶ 22, 24; <u>Answer</u> (Doc. 5) ¶¶ 22, 24; <u>Plaintiff's Declaration</u> ¶ 13.

24         [16]  <u>Complaint</u> (Doc. 1) ¶¶ 33, 35; <u>Answer</u> (Doc. 5) ¶¶ 33, 35; <u>Plaintiff's Declaration</u> ¶ 21.

25         [17]  <u>Complaint</u> (Doc. 1) ¶¶ 36, 38; <u>Answer</u> (Doc. 5) ¶¶ 36, 38; <u>Plaintiff's Declaration</u> ¶ 23.

26         [18]  <u>Complaint</u> (Doc. 1) ¶¶ 26, 27, 28, 30; <u>Answer</u> (Doc. 5) ¶¶ 26, 27, 28, 30; <u>Plaintiff's
27     Declaration</u> ¶¶ 16, 17, 18, 20.

28         [19]  <u>Complaint</u> (Doc. 1) ¶ 25; <u>Answer</u> (Doc. 5) ¶ 25; <u>Plaintiff's Declaration</u> ¶ 15.

1  now.  This is Global Acceptance Credit Company.  I need you or someone on your
behalf to contact our office today regarding a very important matter which requires
2  your immediate attention.  Our toll-free number is 866-881-2590.  When returning
this call, refer to file number 624929.  Once again, this is Global Acceptance Credit
3  Company.  Contact our office today.  866-881-2590.[20]

4                          **IV.  STANDARD OF REVIEW**

5        The standard of review for a motion for summary judgment is that the moving party is

6  entitled to summary judgment when the evidence shows that there is no genuine issue of material

7  fact, and that the moving party is entitled to judgment as a matter of law.[21]  The Court must

8  determine "whether there is the need for a trial–whether, in other words, there are any genuine

9  factual issues that properly can be resolved only by a finder of fact because they may reasonably be

10  resolved in favor of either party."[22]  "Only disputes over facts that might affect the outcome of the

11  suit under governing law will . . . preclude summary judgment."[23]  When the record taken as a whole

12  would not persuade a rational trier of fact to find for the nonmoving party, there is no genuine issue

13  for trial.[24]  In some cases, the evidence of the opposing party is so weak as to "fail[] to raise a

14  material issue of fact.[25]

15        The movant must carry this burden of  "identifying those parts of the record that indicate the

16  absence of a genuine issue of material fact."[26]  Once this burden is met, the non-movant is required

17  to "come forward with specific facts showing that there is a genuine issue for trial" as to elements

18

19

20        [20] <u>Complaint</u> (Doc. 1) ¶ 29; <u>Answer</u> (Doc. 5) ¶ 29; <u>Plaintiff's Declaration</u> ¶ 19.

21        [21] Fed. R. Civ. P. 56(c); *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir.
1971).

22        [22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d
23  202, 212 (1986).

24        [23] *Id*. at 248.

25        [24] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348,
1356, 89 L. Ed. 2d 538 (1986).
26

27        [25] *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 906 (9th Cir. 1994).

28        [26] *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995).

---

1   essential to the non-movant's claim.[27]  The non-movant must show more than "some metaphysical

2   doubt as to the material facts;"[28] he or she must "set forth specific facts showing that there is a

3   genuine issue for trial." [29]

4         The Court must resolve all disputed facts and weigh all evidence "in the light most favorable

5   to the nonmoving party."[30]  However, the nonmoving party may not rely upon mere allegations or

6   denials contained in its pleadings or briefs, but must come forward with specific facts showing the

7   presence of a genuine issue for trial.[31]  As noted above, the requirement that a "genuine" issue of fact

8   must be present has been interpreted to mean that the evidence is such that a reasonable trier of fact

9   could return a verdict for the nonmoving party.[32]  Summary judgment is more than a "disfavored

10  procedural shortcut," it is an important procedure "designed to 'secure the just, speedy and

11  inexpensive determination of every action.' Fed. R. Civ. P. 1."[33]  One of the principal purposes of

12  the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and

13  the rule should be interpreted in a way that allows it to accomplish this purpose.[34]

## V. SUMMARY OF ARGUMENT

15  A.    The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations of the FDCPA.

16  B.    Under the Strict Liability Standard of the Fdcpa, Plaintiff Has Pled Numerous Violations of

17        the Act, as Seen from the Perspective of the "Least Sophisticated Consumer."

---

19        [27]  *Schneider v. TRW, Inc.,* 938 F.3d 986, 991 (9th Cir. 1990).

20        [28]  *Matsushita Elec. Indus. Co.,* 475 U.S. at 586

21        [29]  Fed. R. Civ. P. 56(e).

22        [30]  *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630-31
23  (9th Cir. 1987).

24        [31]  *Rieber v. Kovelman (In re Kovelman),* 1995 U.S. App. LEXIS 8487 at *2 (9th Cir. April
    6, 1995).
25

26        [32]  *Anderson,* 477 U.S. at 248

27        [33]  *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

28        [34]  *Id.,* at 323-324.

---

MEMORANDUM OF POINTS AND AUTHORITIES  -5-                    Case No. C08-01826-RMW-RS

C.     Defendants Failed to Cease Communicating with Plaintiff after Receiving Written Notification That Plaintiff Refused to Pay the Debt Being Collected, in Violation of 15 U.S.C. § 1692c(c).

D.     Defendants Failed to Disclose That Their Communications Were from a Debt Collector, in Violation of 15 U.S.C. § 1692e(11).

E.     Defendants Have Violated the RFDCPA, Cal. Civil Code § 1788.17.

F.     This Court should award Plaintiff the maximum statutory damage amount of $1,000 under the FDCPA.

G.     Plaintiff should be awarded $1,000 under Cal. Civil Code § 1788.30(b).

H.     Plaintiff should be awarded $1,000 under Cal. Civil Code § 1788.17.

I.     Both Congress and the California legislature have expressed their intent that the remedies for violations of the FDCPA and RFDCPA be cumulative.

J.     Plaintiff Has a Statutory Right to Attorney's Fees and Costs.

## VI.  STATEMENT OF QUESTIONS PRESENTED

Have Defendants violated the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act?  If so, what is the amount of statutory damages that should be awarded to Plaintiff?

## VII.  ARGUMENT

### A.   THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED TO ANALYZE VIOLATIONS OF THE FDCPA

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."[35]  The statute is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.[36]  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false,

---

[35]  15 U.S.C. § 1692(e).

[36]  *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

1  deceptive or misleading statements, in connection with the collection of a debt.[37]  The FDCPA also

2  requires the debt collector to provide the consumer with a notice of his or her validation rights.[38]

3        The United States Court of Appeals for the Ninth Circuit has held that whether a

4  communication or other conduct violates the FDCPA is to be determined by analyzing it from the

5  perspective of the "least sophisticated consumer."[39]  The "least sophisticated consumer" standard

6  is objective—not subjective.[40]  Courts determine whether the "least sophisticated consumer" would

7  be misled or deceived by the statements made in a collection letter as a matter of law.[41]

8        "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA

9  protects all consumers, the gullible as well as the shrewd."[42]  "While protecting naive consumers,

10  the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices

11  by preserving a quotient of reasonableness and presuming a basic level of understanding and

12  willingness to read with care."[43]

13        "As the FDCPA is a strict liability statute, proof of one violation is sufficient to support

14  summary judgment for the plaintiff."[44]  "Because the Act imposes strict liability, a consumer need

15

16     [37]  15 U.S.C. §§ 1692d, 1692e, and 1692f.

17     [38]  15 U.S.C. § 1692g.

18     [39]  *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988);  *Wade v.*
19  *Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

20     [40]  *Swanson*, 869 F.2d at 1227.

21     [41]  *Wade*, 87 F.3d at 1100;  *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977);  *Swanson*,
22  896 F.2d at 1225-26.

23     [42]  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

24     [43]  *United States v. National Financial Services*, 98 F.3d 131, 136 (4th Cir. 1996) (citations
25  omitted);  *see also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996);  *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993);  *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985);
26  *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991);  *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").

27     [44]  *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990);  *see also Stojanovski v. Strobl*
28  *& Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992);  *Riveria v. MAB Collections*, 682 F.

1   not show intentional conduct by the debt collector to be entitled to damages."[45]  Furthermore, the

2   question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant

3   to the FDCPA.[46]

4          It is important to note that by protecting consumers from abusive, deceptive and unfair

5   collection practices, the FDCPA insures that those debt collectors who refrain from using abusive

6   debt collection practices are not competitively disadvantaged.[47]  Moreover, the FDCPA further

7   insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable

8   and civil manner.[48]

9          Accordingly, Plaintiff asserts that whether or not Defendant violated the FDCPA must be

10  evaluated from the standpoint of the "least sophisticated consumer."

11  **B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA, PLAINTIFF HAS
        PLED NUMEROUS VIOLATIONS OF THE ACT, AS SEEN FROM THE
12      PERSPECTIVE OF THE "LEAST SOPHISTICATED CONSUMER"**

13         To establish a violation of the FDCPA, one need only show that: (1) Plaintiff is a consumer,

14  (2) Plaintiff has been the object of collection activity arising from a consumer debt, (3) Defendant

15  collecting the "debt" is a "debt collector" as defined in the Act, and (4) Defendant has engaged in

16  any act or omission in violation of the prohibitions or requirements of the Act.[49]  Plaintiff has

17  pleaded and Defendants have admitted that Defendant, GLOBAL, is a debt collector, Plaintiff is a

18  consumer and the debt which Defendants were attempting to collect is a consumer debt.  The

19  _____

20  Supp. 174, 178-9 (W.D.N.Y. 1988).

21      [45] *Russell*, 74 F.3d at 33;  *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d
22  1232, 1236 (5th Cir. 1997);  *Bentley*, 6 F.3d at 62;  *Clomon*, 988 F.2d at 1318.

23      [46] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992);  *Baker*, 677 F.2d at 777.

24      [47] 15 U.S.C. § 1692(e).

25      [48] *Baker*, 677 F.2d at 777.

26      [49] *Turner v. Cook*, 362 F.3d 1219, 1227-1228 (9th Cir. 2004);  *Romine v. Diversified
    Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998);  *De Coito v. Unifund Corp.*, 2004 U.S. Dist.
27  LEXIS 23729 at *8 (D. Haw. January 4, 2004);  *United States v. Trans Continental Affiliates*, 1997
28  U.S. Dist. LEXIS 388 at *8 (N.D. Cal. January 8, 1997).

1   remainder of this memorandum will show that the last element is also satisfied as a matter of law.

2   Additionally, Defendants have also admitted that GAC is the general partner of GLOBAL, thereby

3   making it subject to liability in this case under partnership and agency law principles.[50]

4        Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat

5   a motion to dismiss and support summary judgment for a Plaintiff.[51]  In light of this strict liability

6   standard, a consumer need not show intentional conduct by the debt collector in order to be entitled

7   to damages,[52] and there are no unimportant violations.[53]  Further, no proof of deception or actual

8   damages is required to obtain statutory remedies.[54]

9        **1.    DEFENDANTS FAILED TO CEASE COLLECTION ACTIVITY AGAINST
            PLAINTIFF AFTER RECEIVING NOTIFICATION THAT SHE REFUSED

10           TO PAY THE DEBT, IN VIOLATION OF 15 U.S.C. § 1692c(c).**

11       15 U.S.C. § 1692c(c) states:

12       If a consumer notifies a debt collector in writing that the consumer refuses to pay a
         debt or that the consumer wishes the debt collector to cease further communication

13       with the consumer, the debt collector shall not communicate further with the
         consumer with respect to such debt . . .

14

15       As stated above, Plaintiff notified Defendants that she refused to pay the alleged debt in a

16

17

18

19       [50]  Complaint (Doc. 1) ¶ 8; Answer (Doc. 5) ¶ 8.

20       [51]  See Hartman v. Meridian Financial Services, Inc., 191 F. Supp. 2d 1031, 1046-47 (W.D.
21   Wis. 2002) ("One false or misleading statement in a collection letter renders the entire
     communication false or misleading and constitutes one violation");  See also Cacace, 775 F. Supp.
22   at 505;  Traverso v. Sharinn, 1989 U.S. Dist. LEXIS 19100, *4 (D. Conn. Sept. 15, 1989);  Picht v.
23   Jon R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001);  Bentley, 6 F.3d at 62.

24       [52]  See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc., 969 F. Supp. 609, 613 (D. Nev. 1997).
     See also Russell, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show
25   intentional conduct by the debt collector to be entitled to damages.").

26       [53]  Bentley, 6 F.3d at 63 (no non-actionable violations of FDCPA);  Taylor, 103 F.3d at 1234
27   (failure "to comply with any provision of the FDCPA" leads to liability).

28       [54]  Baker, 677 F.2d at 780.

1    letter which Defendant received on or about May 2, 2007.[55]   Thereafter, Defendants communicated

2    with Plaintiff in an attempt to collect the alleged debt by sending her three (3) collection letters[56] and

3    placing six (6) messages on Plaintiff's answering machine.[57]   This conduct states a violation of 15

4    U.S.C. § 1692c(c).   Therefore, Plaintiff is entitled to summary judgment on this issue.

5
6    **2.    DEFENDANTS FAILED TO DISCLOSE THAT THE COMMUNICATIONS WERE FROM A DEBT COLLECTOR, IN VIOLATION OF 15 U.S.C. § 1692e(11).**

7    15 U.S.C. § 1692e(11) states:

8
9    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

10    . . .

11
12
13
14    (11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15    The failure to disclose clearly in all communications made to collect a debt or to obtain information

16    about a consumer, that the "debt collector is attempting to collect a debt and that any information

17    obtained will be used for that purpose," constitutes a violation of the Fair Debt Collection Practices

18    Act.[58]

19    Answering machine messages are considered "communications" within the meaning of the

20

21

22    [55] Complaint (Doc. 1) ¶¶ 16, 18; Answer (Doc. 5) ¶¶ 16, 18; Plaintiff's Declaration ¶¶ 8 and
23    10.

24    [56]Complaint (Doc. 1) ¶¶ 22, 24, 33, 35, 36, 38; Answer (Doc. 5) ¶¶ 22, 24, 33, 35, 36, 38;
      Plaintiff's Declaration ¶ 8.
25
      [57]Complaint (Doc. 1) ¶¶ 25, 26, 27, 28, 29, 30; Answer (Doc. 5) ¶¶ 25, 26, 27, 28, 29, 30;
26    Plaintiff's Declaration ¶¶ 15, 16, 17, 18, 19, 20.

27    [58]  *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2nd Cir. 1989);  *Dutton v.
28    Wolpoff & Abramson*, 5 F.3d 649 (3rd Cir. 1993).

1   Fair Debt Collection Practices Act.[59]  Therefore, Defendants have violated 15 U.S.C. § 1692e(11)

2   by not providing the required disclosure in the messages recorded on Plaintiff's answering machine

3   on August 27, September 10, September 13, September 17, and October 5, 2007.  As such, Plaintiff

4   should be granted summary judgment on this issue.

5   **C.    DEFENDANTS HAVE VIOLATED THE RFDCPA, CAL. CIVIL CODE § 1788.17.**

6           In addition to the violations of the federal Fair Debt Collection Practices Act, Plaintiff also

7   alleges violations of the California Rosenthal Fair Debt Collection Practices Act against Defendant,

8   GLOBAL ACCEPTANCE CREDIT COMPANY, a debt collector within the meaning of Cal. Civil

9   Code § 1788.2(c).[60]

10          Cal. Civil Code § 1788.17 provides as follows:

11          Notwithstanding any other provision of this title, every debt collector collecting or
            attempting to collect a consumer debt shall comply with the provisions of Sections
12          1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k
            of, Title 15 of the United States Code.
13

14          As explained above, Defendants have violated 15 U.S.C. §§ 1692c(c) and 1692e(11).  These

15  violations of the FDCPA each state a separate violation of Cal. Civil Code § 1788.17, which requires

16  compliance with the FDCPA.  Therefore, Plaintiff should be granted summary judgment on this

17  issue.

18  **D.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM STATUTORY
           DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA**
19

20          The maximum statutory damage award available under the Federal FDCPA is a *modest*

21  $1,000.  Courts have therefore awarded the maximum amount even when the violations found were

22  less numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[61] the court

23  awarded the maximum $1,000 because the validation notice appeared on the back of the letter, in

24  relatively small print, with no reference to it on the front of the letter.  Thus, even though the notice

25

26          [59] *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005).

27          [60] Complaint (Doc. 1) ¶¶ 7 and 52; Answer (Doc. 5) ¶¶ 7 and 52.

28          [61] 682 F. Supp. 174 (W.D.N.Y. 1988).

1  was accurate, the court determined a $1,000 award was appropriate.  Furthermore, in *Tolentino v.*

2  *Friedman*,[62] the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that

3  only one provision of the FDCPA had been proven.  In that case the debt collector had included a

4  disclosure required 15 U.S.C. § 1692e(11) in its initial notice, but had failed to include it in a

5  subsequent notice.  The present case involves at least 8 violations of the federal FDCPA.  Thus, the

6  violations herein are more numerous and meaningful than in those cases, and therefore the Court

7  should award the maximum amount of statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which

8  is $1,000.

9  **E.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE §**
   **1788.30(b).**

10

11     Cal. Civil Code § 1788.30 states that any debt collector who fails to comply with any

12  provision is liable to such debtor in an amount equal to his/her actual damages, and in the case of

13  a debt collector who willfully and knowingly violates the RFDCPA, the Court may award a penalty

14  in an amount not less than $100 nor greater than $1,000.  Cal. Civil Code § 1788.30(b).

15     In this case GLOBAL has violated Cal. Civil Code § 1788.17 which is remedied by the

16  statutory penalty provisions of Cal. Civil Code § 1788.30.  Thus, the Plaintiff should be awarded the

17  full $1,000 statutory penalty under Cal. Civil Code § 1788.30.

18  **F.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.17.**

19     In this case Defendants have violated Cal. Civil Code § 1788.17 which is remedied by the

20  statutory damages provisions of 15 U.S.C. § 1692k(a)(2)(A).  Thus, the Plaintiff should be awarded

21  the full $1,000 in statutory damages under Cal. Civil Code § 1788.17.

22  **G.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED**
   **THEIR INTENT THAT THE REMEDIES FOR VIOLATIONS OF THE FDCPA AND**
   **RFDCPA BE CUMULATIVE.**

23

24     Cal. Civil Code § 1788.32 states, "The remedies provided herein are intended to be

25  cumulative and are in addition to any other procedures, rights, or remedies under any other provision

26  of law."  Thus, a violation of the federal statute can lead to damages under the federal FDCPA and

27  ────────────

28     [62]  46 F.3d 645 (7th Cir. 1995).

1    a violation of the California statute leads to damages under the RFDCPA.  Indeed, the FDCPA

2    expressly states:

3        [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the
         provisions of this subchapter from complying with the law of any State with respect
4        to debt collection practices, except to the extent that those laws are in consistent with
         any provision of this subchapter, and then only to the extent of the inconsistency.
5        15 U.S.C. § 1692n.

6        Moreover, courts both within and outside the Ninth Circuit, have allowed statutory damages

7    under both federal and state consumer protection statutes.[63]  Thus, the Court should not be reluctant

8    to assess the maximum possible statutory damages under both federal and state law.  As this Court

9    has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including

10   an expansion of the statutory damages available under the state law.[64]

11       Additionally, this Court has concluded that rather than drafting new language to the

12   RFDCPA, the legislature simply incorporated entire sections of the FDCPA by reference.[65]  Indeed,

13   this Court stated "California simply incorporated by reference the text of certain federal provisions

14   into the CFDCPA, rather than copying them verbatim into the California code.  Any resulting

15   liability, however, remains a state claim."  *Id.*  In a separate case, this Court went on to hold that a

16   violation of 15 U.S.C. § 1692g was also a violation of Cal. Civil Code § 1788.17.[66]  Thus, by

17   incorporating 15 U.S.C. § 1692k by reference (and its statutory damages of $1,000), the California

18   legislature chose to make the additional $1,000 available, as a matter of state law, when it enacted

19   Cal. Civil Code § 1788.17.

20   / / /

21

22       [63] *Sakuma v. First National Credit Bureau*, 1989 U.S. Dist. LEXIS 19120 (D. HI. November
     15, 1989);  *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004);  *Chapman v. ACB Business
23   Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997).

24       [64] *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (The mandatory
     language in the amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little
25   doubt as to the intent of the legislature to broaden the remedies for RFDCPA.)

26       [65] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

27       [66] *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773, *15 (N.D. Cal.
28   February 22, 2005).

1    **H.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND COSTS.**

2    Both the federal FDCPA and California RFDCPA direct the Court to award attorney's fees

3    to a prevailing consumer.[67]  A number of cases decided under 15 U.S.C. § 1692k have held that an

4    award of attorney fees and costs is required if the plaintiff prevails.[68]  The Court should award

5    Plaintiff her reasonable attorney fees and costs incurred in this matter.

6    **VIII.  CONCLUSION**

7    For the reasons set forth above, Plaintiff, as a matter of law, is entitled to summary judgment:

8    1) declaring that Defendants' answering machine messages violated the Fair Debt Collection

9    Practices Act,  15 U.S.C. § 1692e(11);  2) declaring that Defendants' collection activities violated

10   the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c); 3) declaring that Defendants'

11   answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil

12   Code § 1788.17; 4) declaring that Defendants' collection activities violated the Rosenthal Fair Debt

13   Collection Practices Act, Cal. Civil Code § 1788.17; 5) awarding Plaintiff statutory damages in the

14   amount of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 6) awarding Plaintiff statutory penalty

15   in the amount of $1,000 pursuant Cal. Civil Code § 1788.30(b); 7) awarding Plaintiff statutory

16   damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as incorporated by Cal.

17   Civil Code § 1788.17; 8) awarding Plaintiff the costs of this action and reasonable attorneys fees

18   pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and 9)

19   awarding Plaintiff such other and further relief as may be just and proper.  If the Court does not

20   believe that it should award Plaintiff the full statutory damages and penalties available under the

21   statutes, Plaintiff hereby reserves to the jury the determination of statutory damages and penalties.

22

23   [67]  15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.30(c).

24   [68]  *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding
it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the
amount of $100; and directing the court to award fees sufficient to compensate the attorney for the
25   time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau*,
Inc., 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of
26   actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA);
*Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) (awarding Plaintiffs' legal services attorneys
27   $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSUMER LAW CENTER, INC.


By: /s/ Jovanna R. Longo
       Fred W. Schwinn
       Jovanna R. Longo
       Attorneys for Plaintiff
       JENNIFER LEIGH REED

1   Fred W. Schwinn (SBN 225575)
    fred.schwinn@sjconsumerlaw.com
2   Jovanna R. Longo (SBN 251491)
    jovanna.longo@sjconsumerlaw.com
3   CONSUMER LAW CENTER, INC.
    12 South First Street, Suite 1014
4   San Jose, California  95113-2418
    Telephone Number: (408) 294-6100
5   Facsimile Number: (408) 294-6190

6   Attorneys for Plaintiff
    JENNIFER LEIGH REED

7

8

9                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                            SAN JOSE DIVISION

11  JENNIFER LEIGH REED,                    Case No.  C08-01826-RMW-RS

12                          Plaintiff,      DECLARATION OF JENNIFER
                                            LEIGH REED IN SUPPORT OF
13  v.                                      MOTION FOR SUMMARY
                                            JUDGMENT
14  GLOBAL ACCEPTANCE CREDIT
    COMPANY, a Texas Limited Partnership; and   Date:
15  GAC GP, LLC, a Texas Limited Liability       Time:
    Corporation,                            Judge:        Honorable Ronald M.
16                                                         Whyte
                            Defendants.     Courtroom:    6, 4th Floor
17                                          Place:        280 South First Street
                                                          San Jose, California
18

19          I, Jennifer Leigh Reed, declare under penalty of perjury, under the laws of the United States,

20  28 U.S.C. § 1746, that the following statements are true:

21          1.      I am the Plaintiff in the above captioned case.

22          2.      I have personal knowledge of the following facts, and if called as a witness,

23  I could and would competently testify thereto.

24          3.      I am a natural person residing in Santa Clara County, California.  I have never

25  owned a business.

26          4.      On a date unknown to me, I allegedly incurred a financial obligation ("the

27  alleged debt").  The alleged debt was incurred to purchase goods and services for personal, family

28  or household use.

                                          -1-
DECLARATION OF JENNIFER LEIGH REED                    Case No. C08-01826-RMW-RS

5.      Sometime thereafter, Defendants sent a collection letter dated April 10, 2007, to me in an attempt to collect the alleged debt.

6.      The April 10, 2007, collection letter was the first written notice from Defendants in connection with collecting the alleged debt.

7.      A true and accurate copy of the April 10, 2007, collection letter and the envelope it was received in is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

8.      Thereafter, on or about April 25, 2007, I mailed a letter to Defendants which stated: "Please be advised that I dispute this debt and refuse to pay."

9.      A true and accurate copy of my April 25, 2007, letter disputing the alleged debt and refusing to pay the alleged debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

10.     Defendants received my letter disputing the alleged debt and refusing to pay the alleged debt on or about May 2, 2007.

11.     A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of my letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

12.     After receiving my letter disputing the alleged debt and refusing to pay the alleged debt, Defendants continued their collection activities against me.

13.     Thereafter, Defendants sent a collection letter dated August 7, 2007, to me in an attempt to collect the alleged debt.

14.     A true and accurate copy of the August 7, 2007, collection letter is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

15.     On or about August 27, 2007, an employee of Defendants recorded the following message on my answering machine:

Hi, this message is for Jennifer Reed.  Jennifer Reed, My name is Mr. Lee, manager for the firm of Global Acceptance.  Uh, Jennifer, I need either you or someone on your behalf to contact my office today in regard to very important file that is time-

-2-

1    sensitive.  Now, my number is 866-881-2590.  Refer to file number 624929 when
2    calling.

3        16.    On or about September 10, 2007, an employee of Defendants recorded the
4    following message on my answering machine:

5    This message is for Jennifer Reed.  This is Global Acceptance Credit Company.  I
     need you or someone on your behalf to contact our office today regarding a very
6    important matter which requires your immediate attention.  Our toll-free number is
     866-881-2590.  When returning this call, refer to file number 624929.  Once again,
7    this is Global Acceptance Credit Company.   Contact our office today. 866-881-
     2590.
8

9        17.    On or about September 13, 2007, an employee of Defendants recorded the
10    following message on my answering machine:

11    This message is for Jennifer Reed.  This is Global Acceptance Credit Company.  I
      need you or someone on your behalf to contact our office today regarding a very
12    important matter which requires your immediate attention.  Our toll-free number is
      866-881-2590.  When returning this call, refer to file number 624929.  Once again,
13    this is Global Acceptance Credit Company. Contact our office today. 866-881-2590.

14        18.    On or about September 17, 2007, an employee of Defendants recorded the
15    following message on my answering machine:

16    This message is for Jennifer Reed.  This is Global Acceptance Credit Company.  I
      need you or someone on your behalf to contact our office today regarding a very
17    important matter which requires your immediate attention.  Our toll-free number is
      866-881-2590.  When returning this call, refer to file number 624929.  Once again,
18    this is Global Acceptance Credit Company. Contact our office today. 866-881-2590.

19        19.    On or about October 2, 2007, an employee of Defendants recorded the
20    following message on my answering machine:

21    This message is for Jennifer Reed.  If you are not Jennifer Reed, please disconnect
      now. This is Global Acceptance Credit Company.  We need you or someone on your
22    behalf to contact our firm today.  The phone number is 1-866-881-2590.  When
      calling, please refer to your file number 624929.  We will be available until 8 pm
23    central and will be expecting your call today.  Again, our number is 1-866-881-2590.
      This communication is from a debt collector.  This is an attempt to collect a debt and
24    any information obtained will be used for that purpose.

25        20.    On or about October 5, 2007, an employee of Defendants recorded the
26    following message on my answering machine:

27    This message is for Jennifer Reed.  This is Global Acceptance Credit Company. I
      need you or someone on your behalf to contact our office today regarding a very
28    important matter which requires your immediate attention.  Our toll-free number is

-3-

1    Jennifer Reed.  When returning this call, refer to file number 624929.  Once again,
this is Global Acceptance Credit Company.  Contact our office today.

2

3         21.    Thereafter, Defendants sent a collection letter dated October 5, 2007, to me

4  in an attempt to collect the alleged debt.

5         22.    A true and accurate copy of the October 5, 2007, collection letter is attached

6  hereto, marked Exhibit "5," and by this reference is incorporated herein.

7         23.    Thereafter, Defendants sent a collection letter dated January 24, 2007, to me

8  in an attempt to collect the alleged debt.

9         24.    A true and accurate copy of the January 24, 2008, collection letter is attached

10  hereto, marked Exhibit "6," and by this reference is incorporated herein.

11

12    Executed at San Jose, California on May _19_, 2008.

13

14

15    Jennifer Leigh Reed

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

DECLARATION OF JENNIFER LEIGH REED                Case No. C08-01826-RMW-RS