1  Fred W. Schwinn (SBN 225575)
   fred.schwinn@sjconsumerlaw.com
2  Jovanna R. Longo (SBN 251491)
   jovanna.longo@sjconsumerlaw.com
3  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
4  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
5  Facsimile Number: (408) 294-6190

6  Attorneys for Plaintiff
   JENNIFER LEIGH REED
7

8

9                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                       SAN JOSE DIVISION

11  JENNIFER LEIGH REED,                    Case No.  C08-01826-RMW-RS

12                      Plaintiff,

13  v.                                      REPLY MEMORANDUM OF
                                            POINTS AND AUTHORITIES IN
14                                          SUPPORT OF MOTION FOR
    GLOBAL ACCEPTANCE CREDIT                SUMMARY JUDGMENT AGAINST
15  COMPANY, a Texas Limited Partnership; and   DEFENDANT, GLOBAL
    GAC GP, LLC, a Texas Limited Liability  ACCEPTANCE CREDIT COMPANY
16  Corporation,
                                            Date:      August 8, 2008
17                      Defendants.         Time:      9:00 a.m.
                                            Judge:     Honorable Ronald M.
18                                                     Whyte
                                            Courtroom: Courtroom 6, 4th Floor
19                                          Place:     280 South First Street
                                                       San Jose, California
20

21         COMES NOW the Plaintiff, JENNIFER LEIGH REED, by and through counsel Jovanna R.

22  Longo of the Consumer Law Center, Inc., and hereby submits her Reply Memorandum of Points and

23  Authorities in Support of Motion for Summary Judgment filed herein.

24

25

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No.  C08-01826-RMW-RS

1

## TABLE OF CONTENTS

2    TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

3    TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6         A.    Defendants Have Failed to Dispute the Material Facts of this Case, or Oppose
               Plaintiff's Motion for Summary Judgment on the Merits . . . . . . . . . . . . . . . . . . . 1
7

8         B.    Defendants' Rule 68 Offer of Judgment Includes an Impermissible Setoff and
               Is Therefore Not a Full Offer of Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
9

10               1.    It Is Against Public Policy to Allow a Creditor to Setoff a Debt
                       Against a Consumer's Recovery Because it Diminishes Both the
11                     Incentive to Consumers and the Remedial Effect on the Creditor  . . . . . . 4

12               2.    It Is Against Public Policy to Setoff a Debt Against the Plaintiff's
                       Recovery as it Frustrates the Purpose of Consumer Protection
13                     Statutes and Because Plaintiff's Counsel Has a Lien on These
                       Proceeds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
14

15               3.    Defendants Have Failed to Make a Full Offer of Judgment, and
                       Defendants' Improper Discussion of the Rule 68 Offer of Judgment
16                     Is Merely a Tactic to Distract the Court from the Merit's of Plaintiff's
                       Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
17

18         C.    Defendants and Their Counsel Use Ad Hominem Attacks on Plaintiff's
                 Counsel as a Litigation Strategy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
19

20    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

## CASES

3

*Ayres v. National Credit Management Corp.*,
1991 U.S. Dist. LEXIS 5629, 1991 WL 66845 (E.D. Pa. April 25, 1991) . . . . . . . . . . . . . . . . . 10

4

*Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5

*Barnhill v. Saunders & Co.*, 125 Cal. App. 3d 1 (Cal. Ct. App. 1981) . . . . . . . . . . . . . . . . . . . . 4

6

*Bluxome Street Associates v. Fireman's Fund Ins. Co.*,
206 Cal. App. 3d 1149 (Cal. Ct. App. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7

*Bracken v. Harris and Zide LLP*, 219 F.R.D. 481 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . 5

8

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 8

10

*Cancio v. Financial Credit Network, Inc.*,
2005 U.S. Dist. LEXIS 13626 (N.D. Cal. July 6, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11

*Cappa v. F & K Rock & Sand, Inc.*, 203 Cal. App. 3d 172 (Cal. Ct. App. 1988) . . . . . . . . . . . . 8

12

*Cetenko v. United California Bank*, 30 Cal. 3d 528 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

13

*Citizens for a Better Environment v. Village of Elm Grove*,
485 F.Supp. 363 (E.D.Wis. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

14

*Dias v. Bank of Hawaii*, 732 F.2d 1401 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15

*Exeter National Bank v. Orchard*, 43 Neb. 579 (1895) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16

*Flynn v. Sandahl*, 58 F.3d 283 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

17

*Gelfand, Greer, Popko & Miller v. Shivener*, 30 Cal. App. 3d 364 (Cal. Ct. App. 1973) . . . . . . . 8

18

*Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

19

*Griggs v. Provident Consumer Discount Company*, 680 F.2d 927 (3rd Cir. 1982) . . . . . . . . . . . . 6

20

*Gutshall v. Bailey & Assoc.*, 1991 U.S. Dist. LEXIS 12153 (N.D. IL. February 11, 1991) . . 6, 10

21

*Hart v. Clayton-Parker & Assocs.*, 869 F. Supp. 774 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . 10

22

*Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . 9

23

*Isrin v. Superior Court*, 63 Cal. 2d 153 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

24

*Kason v. Amphenol Corp.*, 132 F.R.D. 197 (N.D. Ill. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

25

*Kruger v. Wells Fargo Bank* 11 Cal.3d 352 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

26

27

28

*Labuda v. Schmidt*, 2005 U.S. Dist. LEXIS 20948 (N.D. Ill. September 19, 2005) . . . . . . . . . . 9

*Leatherwood v. Universal Business Service Company*, 115 F.R.D. 48 (W.D. N.Y. 1987) . . . . . 10

*Licciardi v. Kropp Forge Division Employees' Retirement Plan*,
797 F. Supp. 1375 (N.D. Ill. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Matter of Pacific Far East Line, Inc.*, 654 F.2d 664 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . 8

*McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*McCollum v. Hamilton National Bank*,
303 U.S. 245,  58 S. Ct. 568, 82 L. Ed. 819 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Meredith v. American National Bank*, 127 Tenn. 90 (1912) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Olevares v. Viking Dodge, Inc.*, 626 F. Supp. 114 (N.D. Ill. 1985) . . . . . . . . . . . . . . . . . . . . . . . 6

*Park Place Estates v. Naber*, 29 Cal. App. 4th 427 (Cal. Ct. App. 1994) . . . . . . . . . . . . . . . . 4, 5

*Peterson v. United Accounts, Inc.*, 638 F.2d 1134 (8th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . 10

*Plant v. Blazer*, 598 F.2d 1357 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Riggs v. Government Employees Financial Corporation*, 623 F.2d 68 (9th Cir. 1980) . . . . . . . 5, 6

*Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Saltarelli & Steponovich v. Douglas*, 40 Cal. App. 4th 1 (Cal. Ct. App. 1995) . . . . . . . . . . . . . . 8

*Skelly v. Richman*, 10 Cal. App. 3d 844 (Cal. Ct. App. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Stojanovski v. Strobl & Manoogian, P.C.,* 783 F. Supp. 319 (E.D. Mich. 1992) . . . . . . . . . . . . 3

*Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wagner v. Sariotti*, 56 Cal. App. 2d 693 (Cal. Ct. App. 1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Webb v. James*, 172 F.R.D. 311 (N.D. Ill. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Whitaker v. W. Vill. Ltd. P'ship*, 2004 U.S. Dist. LEXIS 18225 (N.D. Tex. Sept. 8, 2004) . . . . . 9

## **STATUTES**

Cal. Civ. Code § 1788.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1

## I. INTRODUCTION

2     Defendants have filed an Opposition to Plaintiff's Motion for Summary Judgment that is

3    totally unresponsive to the merits of Plaintiff's motion.  Instead of responding on the merits,

4    Defendants have attempted to distract this Court from the case at hand by discussing an incomplete

5    Rule 68 offer and personally attacking Plaintiff's counsel.  Defendants have not offered Plaintiff a

6    full Rule 68 offer, as the offer includes a setoff for the amount of the alleged debt.  Therefore, the

7    Court will not be divested of jurisdiction by Plaintiff's refusal to accept the offer.

8     Furthermore, the fact that Defendants have made a patently defective offer, coupled with

9    their non-responsive opposition motion and voluminous declarations, shows that Defendants are not

10   truly interested in conserving judicial resources or in a swift and inexpensive resolution of this case.

11   Defendants are merely wasting the Court's resources in an attempt to poison the Court's opinion of

12   consumer protection litigation and the attorneys who bring these cases.

13     Defendants have not denied any material factual allegations in this case, including the actions

14   which violated the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection

15   Practices Act.  Therefore, Plaintiff respectfully requests that this Court enter summary judgment

16   against Defendants.

17

## II. ARGUMENT

18   **A.    Defendants Have Failed to Dispute the Material Facts of this Case, or Oppose
     Plaintiff's Motion for Summary Judgment on the Merits**

19

20     In Defendants' Answer, Defendants admit all the material facts necessary for Plaintiff to

21   prevail on her Motion for Summary Judgment.  Namely, Defendants have admitted that Plaintiff is

22   a consumer,[1] that Defendant GLOBAL ACCEPTANCE CREDIT COMPANY is a debt collector,[2]

23   that Defendant GAC GP, LLC, is the general partner of GLOBAL ACCEPTANCE CREDIT

24

25

26

27     [1] <u>Complaint</u> (Doc. 1) ¶¶ 6, 41 and 51; <u>Answer</u> (Doc. 5) ¶¶ 6, 41 and 51.

28     [2] <u>Complaint</u> (Doc. 1) ¶¶ 7 and 42; <u>Answer</u> (Doc. 5) ¶¶ 7 and 42.

COMPANY,[3] and that Defendants were attempting to collect a consumer debt.[4]  Defendants admit in their Answer that Plaintiff was contacted after Defendants received her letter disputing the alleged debt and refusing to pay the alleged debt.[5]  Defendants also admit that each telephone call alleged by Plaintiff was made by Defendants,[6] and Defendants have not denied the content of the answering machine messages as alleged by Plaintiff.[7]

Defendants' <u>Opposition to Plaintiff's Motion for Summary Judgment</u> (hereinafter "<u>Opposition</u>") is further proof of Defendants' admission of the material facts of Plaintiff's case.  The "effect of a non-movant's failure to respond to a motion for summary judgment is that it constitutes an admission by the non-movant that there are no disputed issues of genuine fact warranting a trial."[8]  While Defendants have filed an opposition, it is completely unresponsive to the merits of Plaintiff's claims.  To date, Defendants have not denied any material facts of Plaintiff's claims, nor have Defendants denied committing the actions which constitute the violations the Fair Debt Collection Practices Act as alleged by Plaintiff.  Therefore, Plaintiff respectfully requests that the Court enter Judgment against Defendants on the issues included in her Motion for Summary Judgment.

**B.    Defendants' Rule 68 Offer of Judgment Includes an Impermissible Setoff and Is Therefore Not a Full Offer of Judgment**

The Federal Fair Debt Collection Practices Act is a strict liability statute, where the question

---

[3]  <u>Complaint</u> (Doc. 1) ¶ 8; <u>Answer</u> (Doc. 5) ¶ 8.

[4]  <u>Complaint</u> (Doc. 1) ¶¶ 10, 11, 44 and 54; <u>Answer</u> (Doc. 5) ¶¶ 10, 11, 44 and 54.

[5]  <u>Complaint</u> (Doc. 1) ¶¶ 16, 18, 20, 22, 25, 26, 27, 28, 29 and 30; <u>Answer</u> (Doc. 5) ¶¶ 16, 18, 20, 22, 25, 26, 27, 28, 29 and 30.

[6]  <u>Complaint</u> (Doc. 1) ¶¶ 25, 26, 27, 28, 29 and 30; <u>Answer</u> (Doc. 5) ¶¶ 25, 26, 27, 28, 29 and 30.

[7]  <u>Complaint</u> (Doc. 1) ¶¶ 25, 26, 27, 28, 29 and 30; <u>Answer</u> (Doc. 5) ¶¶ 25, 26, 27, 28, 29 and 30.

[8]  *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995).

---

1    of whether a consumer owes an alleged debt has no bearing on the suit at all.[9]  In an attempt to

2    distract the Court from the issue of Defendants' liability, a Rule 68 Offer of Judgment which was

3    served on Plaintiff by Defendants, after Plaintiff's Motion for Summary Judgment was filed, is the

4    sole basis of Defendants' <u>Opposition</u>.  The offer concerned states:

5              Defendants GLOBAL ACCEPTANCE CREDIT COMPANY, LP and GAC
         GP, LLC ("Defendants"), pursuant to Rule 68 of the Federal Rules of Civil
6         Procedure, and without admitting liability for any of the claims alleged herein,
         hereby offer to allow judgment to be taken against them as follows:
7              Judgment for plaintiff JENNIFER LEIGH REED in the sum of Three
         Thousand and One Dollars ($3,001.00), plus reasonable attorney's fees and costs, in
8         an amount to be determined by the Court, <u>less</u> the sum of $2,782.04, which
         represents the outstanding amount of plaintiff's debt.
9              In accordance with Rule 68, this offer shall be deemed withdrawn if it is not
         accepted within ten days of service hereof.  **Evidence of this Offer of Judgment is
10        not admissible except in a proceeding to determine costs**.[10]

11   Defendants state in their <u>Opposition</u>:

12        The Defendants anticipate that Reed will accept their offer because it provides her
         with more than the maximum amount she could hope to recover for her claims if she
13        were to ultimately prevail in this action. . . In their Answer to Reed's Complaint,
         Defendants properly plead, as an affirmative defense, a setoff of any damages in the
14        amount of the debt Reed owes to them.  Even if Reed were to prevail in the case and
         was awarded her full claimed damages, the judgment amount would be subject to
15        reduction by the amount of the debt that Reed indisputably owes to Global
         Acceptance. Therefore, Defendants' offer of $3,001, minus Reed's outstanding debt
16        of $2,782.04, completely satisfies Reed's claims.[11]

17   Defendants further state that Plaintiff must accept Defendants' Offer of Judgment because

18   she "could expect no more recovery than has already been offered"[12] and therefore no longer has a

19   "cognizable interest the [sic] outcome of this proceeding."[13]  Defendants then "request that the Court

20   _____

21        [9] *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982);  *Cacace v. Lucas*, 775 F. Supp.
22   502, 505 (D. Conn. 1990);  *Stojanovski v. Strobl & Manoogian, P.C.,* 783 F. Supp. 319, 323 (E.D.
     Mich. 1992);  *Riveria v. MAB Collections*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988);  *McCartney*
23   *v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

24        [10] <u>Declaration of Tomio B. Narita in Opposition to Motion for Summary Judgment</u> (Doc.
     10-3) at 152:1-11 (emphasis added).
25

26        [11] Defendants' <u>Opposition</u> (Doc. 10) at 8:9-23.

27        [12] Defendants' <u>Opposition</u> (Doc. 10) at 8:25-27.

28        [13] Defendants' <u>Opposition</u> (Doc. 10) at 8:26-28.

MEMORANDUM OF POINTS AND AUTHORITIES   -3-          Case No. C08-01826-RMW-RS

1   vacate the hearing on this motion.  If Reed accepts the offer, as she must, there will be no need for

2   a hearing on this summary judgment motion . . . If Reed chooses to reject the offer, Defendants will

3   file a motion to dismiss for lack of subject matter jurisdiction."[14]

4       Plaintiff asserts that Defendants' arguments are flawed, as Defendants have not offered

5   Plaintiff "full and complete compensation" for the violations alleged in her Complaint.  The

6   Defendants' setoff affirmative defense would not subject a judgment awarded to Plaintiff to a setoff

7   of the amount allegedly owed on the underlying debt.  Not only is the issue of whether or not

8   Plaintiff owes the disputed debt unresolved and unrelated to the case, but allowing a setoff despite

9   this lack of verification would be against public policy.  First, it goes against public policy to allow

10  a creditor/defendant to setoff a debt against a consumer/plaintiff's award, as this deters the effect

11  of the civil penalty and has a chilling affect on a consumer's willingness to bring consumer

12  protection cases.  Second, a setoff cannot be taken out of plaintiff's recovery as this encroaches upon

13  the lien which Plaintiff's counsel has on the recovery, and frustrates the incentive for attorneys to

14  litigate consumer protection cases.

15      **1.**     **It Is Against Public Policy to Allow a Creditor to Setoff a Debt Against**
    **a Consumer's Recovery Because it Diminishes Both the Incentive to**
16                  **Consumers and the Remedial Effect on the Creditor**

17      Defendants assert that they have "properly plead, as an affirmative defense, a setoff of any

18  damages in the amount of the debt Reed owes to them."[15]  However, this affirmative defense is not

19  appropriate in a consumer protection action and goes against public policy with regards to Plaintiff's

20  federal FDCPA claims, as well as her California RFDCPA claims.

21      In California, the right of setoff is not absolute, but is an equitable remedy.[16]  The right

22

23  —————————

    [14]  Defendants' <u>Opposition</u> (Doc. 10) at 8:9-23.

24

    [15]  Defendants' <u>Opposition</u> (Doc. 10) at 8:16-18.

25

26      [16]  *Park Place Estates v. Naber*, 29 Cal. App. 4th 427 (Cal. Ct. App. 1994);  *Barnhill v. Saunders & Co.*, 125 Cal. App. 3d 1, 4 (Cal. Ct. App. 1981), *citing Kruger v. Wells Fargo Bank*, 11

27  Cal.3d 352, 362 (1974) ("The right of setoff has been described as 'the established principle in equity that either party to a transaction involving mutual debts and credits can strike a balance,

28  holding himself owing or entitled only to the net difference.'").

—————————————————————————————————————————————

MEMORANDUM OF POINTS AND AUTHORITIES   -4-        Case No. C08-01826-RMW-RS

depends not on statutes authorizing setoff, but on general principles of equity.[17]  Therefore, a creditor's right to setoff may be restricted by judicial limitations imposed to uphold a state policy protecting debtors.[18]

The Ninth Circuit has denied offsets in cases arising under consumer protection claims, many of which involve claims under the federal Truth in Lending Act (TILA).  These cases are indicative of the result in a Federal FDCPA case, as the Northern District of California has determined that cases decided under TILA are helpful in construing the FDCPA.[19]

In the case *Dias v. Bank of Hawaii*,[20] the Ninth Circuit explained why it is inappropriate to setoff a consumer/plaintiff's recovery against a debt owed to a creditor/defendant:

> [A]llowing lenders to satisfy adverse TILA judgments by reducing their claims in other courts would frustrate the essential purpose of the Act.  The TILA civil liability provisions were designed largely to encourage consumers to bring small damage actions and thereby promote creditor compliance with the Act.  Allowing creditors to offset TILA judgments against pending collection claims would discourage debtors from bringing TILA claims.  We have reached a similar result in the bankruptcy context.  In *Riggs v. Government Employees Financial Corp.*, 623 F.2d 68 (9th Cir. 1980), a trustee in bankruptcy had obtained a TILA judgment against a creditor on behalf of the bankrupt debtor.  The district court did not permit the TILA award to be set off against the creditor's claim and we affirmed.[21]

Indeed, in the *Riggs* case, the Ninth Circuit states:

> Congress sought to ensure compliance with the Act by providing an incentive for self-enforcement: actual monetary recovery by the individual borrower-litigant and recovery of his attorney's fees.  By allowing lenders to subtract Truth-in-Lending awards from amounts owed them by bankrupt borrowers, the district court would

---

[17]  *Kruger*, 125 Cal. App. 3d at 363.

[18]  *Kruger*, 125 Cal. App. 3d at 367;  *Park Place Estates v. Naber*, 29 Cal. App. 4th 427, 431 (Cal. Ct. App. 1994) ("As our Supreme Court has recognized . . . this statutory setoff right is not absolute and can be limited when the assertion of such right would defeat public policy protecting the debtor.").

[19]  *Bracken v. Harris and Zide LLP*, 219 F.R.D. 481 (N.D. Cal. 2004).

[20]  732 F.2d 1401 (9th Cir. 1984).

[21]  *Dias v. Bank of Hawaii*, 732 F.2d 1401, 1402 (9th Cir. 1984) (internal citations omitted).

---

eliminate any incentive for bankruptcy trustees to pursue Truth-in-Lending claims.[22] The fact that allowing a setoff of the debt would discourage the consumer from suing under consumer protection statutes is recognized in other circuits as well.[23]

In addition to removing the incentives for a consumer to bring their claims to court, the remedial effect of the statutory scheme is lost when a creditor is allowed to setoff the debt. "Such lenders would, fortuitously, suffer a lesser or no penalty for violation of the Act."[24]

> To allow respondent to satisfy the judgment for penalty by mere deduction from its claim against the bankrupt's estate is to detract from the punishment definitely prescribed. The sentence specifically required by the law may not be cut down by implication, set-off or construction; for that would narrow the statute and tend to defeat its purpose.[25]

Even the United States Supreme Court has applied this principle in the context of consumer protection claims, stating "Punishment for usury does not depend upon payment of the borrower's debt. It follows that respondent is not entitled to satisfy petitioner's judgment by deducting the amount of it from respondent's claim against the bankrupt's estate."[26]

This analysis is also applicable to the California RFDCPA, which provides monetary incentives for consumers to bring these cases and civil penalties for a violation of the act.[27] As with the Federal Act, allowing a creditor to setoff a debt against a plaintiff's recovery under the

---

[22] *Riggs*, 623 F.2d at 74 (internal citations omitted).

[23] *Griggs v. Provident Consumer Discount Company*, 680 F.2d 927, 923 (3rd Cir. 1982) ("A setoff would remove incentives for an obligor to sue under the Act."); *Olevares v. Viking Dodge, Inc.*, 626 F. Supp. 114 (N.D. Ill. 1985); *Gutshall v. Bailey & Assoc.*, 1991 U.S. Dist. LEXIS 12153 (N.D. Ill. February 11, 1991).

[24] *Riggs*, 623 F.2d at 74-75; *Griggs*, 680 F.2d at 923-933 ("If a creditor were allowed a setoff, the deterrent effect of the civil penalty liability would be reduced.").

[25] *McCollum v. Hamilton National Bank,* 303 U.S. 245, 248, 58 S. Ct. 568, 570, 82 L. Ed. 819, 822 (1938).

[26] *McCollum,* 303 U.S. at 249, 58 S. Ct. at 571, 82 L. Ed. at 823, *citing Meredith v. American National Bank*, 127 Tenn. 90, 94 (1912); *Exeter National Bank v. Orchard*, 43 Neb. 579, 582 (1895).

[27] Cal. Civ. Code § 1788.30.

---

California RFDCPA would diminish the incentive for consumers to act as private attorney generals under the act and diminish the penal effect of the statute.

**2.      It Is Against Public Policy to Setoff a Debt Against the Plaintiff's Recovery as it Frustrates the Purpose of Consumer Protection Statutes and Because Plaintiff's Counsel Has a Lien on These Proceeds**

Defendants' claim of setoff is against public policy because it would intrude upon the lien placed on Plaintiff's recovery by her counsel and deter attorneys from litigating consumer protection cases – frustrating the purpose of fee-shifting consumer protection statutes.

Again, cases involving analysis of the Federal Truth in Lending Act are informative with regard to this issue and the Fair Debt Collection Practices Act.  In *Plant v. Blazer,* the Fifth Circuit carefully analyzed the impact of allowing a creditor to setoff a debt against the recovery of plaintiff's counsel:

> We hold that in a truth-in-lending action an award of attorney's fees is not subject to setoff against the debtor's outstanding debt to the creditor.  No discretion is available to the trial court in this matter and the attorney is entitled to the fee that is awarded him regardless of any controversy regarding the underlying debt.
>
> This conclusion is based upon careful consideration of the purpose of the Truth-in-Lending Act. The truth-in-lending legislation was enacted to assure debtors of accurate and uniform disclosure of the material features of credit obligations. An important enforcement mechanism of the Act is the provision in 15 U.S.C.A. § 1640 making available double civil damages with a maximum ceiling of $1,000.00.  As a practical matter, the award of attorney's fees is a critical and integral part of this section.  Because of the small amounts involved, many potential truth-in-lending plaintiffs are either unable to afford an attorney or unable to justify the expense of an attorney.  Allowance of attorney's fees in a successful action makes legal representation available in a manner analogous to the contingent fee system.
>
> Were the attorney's fee award subject to setoff, the expectation of fees from a successful action might well be limited to the resources of the debtor in any case where the outstanding debt, being in default and subject to counterclaim, exceeded the recovery.  To allow a setoff would in effect relieve the creditors in violation of the Act of the attorney's fee expense in the case of an insolvent debtor.  Such a result would thwart the statute's individual enforcement scheme and its remedial objectives.[28]

Like TILA, the FDCPA and RFDCPA are remedial statutes designed for enforcement by

---

[28] *Plant v. Blazer,* 598 F.2d 1357, 1365-1366 (5th Cir. 1979).

1  private attorney general plaintiffs.[29]  Therefore, as in TILA cases, the individual enforcement scheme

2  and remedial measures of the FDCPA and the RFDCPA will be thwarted by allowing a setoff

3  against the consumer's attorney's fee award.

4          In addition to thwarting the purpose of the Fair Debt Collection Practices Act, Plaintiff's

5  counsel has a lien on Plaintiff's recovery and allowing a setoff would encroach upon this lien.  A

6  lien can be created in favor of the attorney by the retainer agreement by specifically using the term

7  "lien" or by allowing the attorney to look to a judgment or settlement as security for fees and

8  expenses.[30]   The attorney's lien arises upon execution of the retainer agreement, and does not

9  require any act of perfection.[31]  Therefore, even with the assumption that Defendants had a valid

10  claim of setoff (which is not conceded), it would not be appropriate to apply the Plaintiff's recovery

11  to the alleged debt, as Plaintiff's counsel already has a valid lien on these proceeds.

12      **3.      Defendants Have Failed to Make a Full Offer of Judgment, and Defendants' Improper Discussion of the Rule 68 Offer of Judgment Is Merely a Tactic to Distract the Court from the Merit's of Plaintiff's Case**

13

14          Despite the clear language of Fed. R. Civ. P. 68 and the fact that the Offer of Judgment states

15  by its own terms that "Evidence of this Offer of Judgment is not admissible except in a proceeding

16

17

18

---

19  [29] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) *citing, Tolentino v.*

20  *Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) and *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("'The reason for mandatory fees is that congress chose a 'private attorney general' approach

21  to assume enforcement  of the FDCPA.' . . . the FDCPA 'mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private

22  attorneys general'").

23  [30] *Saltarelli & Steponovich v. Douglas*, 40 Cal. App. 4th 1, 6-7 (Cal. Ct. Ap. 1995); *Gelfand,*

24  *Greer, Popko & Miller v. Shivener*, 30 Cal. App. 3d 364 (Cal. Ct. App. 1973); *Matter of Pacific Far East Line, Inc*., 654 F.2d 664, 669 (9th Cir. 1981); *Isrin v. Superior Court*, 63 Cal. 2d 153 (1965);

25  *Skelly v. Richman*, 10 Cal. App. 3d 844, 865 (Cal. Ct. App. 1970); *Wagner v. Sariotti*, 56 Cal. App. 2d 693, 697 (Cal. Ct. App. 1943).

26

27  [31]*Saltarelli*, 40 Cal. App. at 6-7; *Bluxome Street Associates v. Fireman's Fund Ins. Co.,* 206 Cal. App. 3d 1149, 1158 (Cal. Ct. App. 1988); *Cappa v. F & K Rock & Sand, Inc.*, 203 Cal. App.

28  3d 172, 174-175 (Cal. Ct. App. 1988); *Cetenko v. United California Bank*, 30 Cal. 3d 528 (1982).

---

to determine costs,"[32] it is the sole subject of the Defendants' <u>Opposition</u>.  This patently violates the Rules of Civil Procedure as Defendants are relying on inadmissible evidence in their <u>Opposition</u>.[33] Further, this is improper because Rule 68 contemplates that the Court will remain unaware of the extraneous fact that an offer of judgment has been made so it will not be influenced in its evaluation of the case by any knowledge of a rejected offer or the consequences thereof.[34]  The purpose and intent of Rule 68 has obviously been thwarted by Defendants' filing and discussion of their Offer of Judgment in their <u>Opposition</u>.  Defendants have directly disclosed their Offer of Judgment to the Court.  This disclosure was intentional and is extremely prejudicial in this case and inappropriate as the Court is now on notice that an offer has been made and the rejection of said offer may be inferred.

In addition to these problems, Defendants have not made a full offer of judgment as explained above.  The <u>Opposition's</u> discussion of this entire issue is merely an attempt by Defendants' counsel to distract the Court from the issues of liability at hand – an inappropriate and unethical use of Rule 68.  Moreover, Defendants would not be able to file a counterclaim for the

---

[32] <u>Declaration of Tomio B. Narita in Opposition to Motion for Summary Judgment</u> (Doc. 10-3) at 152:10-11.

[33] *Labuda v. Schmidt*, 2005 U.S. Dist. LEXIS 20948 (N.D. Ill. September 19, 2005) ("Rule 68 also states that 'an offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.' Thus, defendants' reliance upon their offer of judgment in their summary judgment motion violates the Federal Rules of Civil Procedure."); *Whitaker v. W. Vill. Ltd. P'ship*, 2004 U.S. Dist. LEXIS 18225, *3 (N.D.Tex. Sept. 8, 2004); *Citizens for a Better Environment v. Village of Elm Grove*, 485 F.Supp. 363, 365 (E.D.Wis. 1980); *Licciardi v. Kropp Forge Division Employees' Retirement Plan*, 797 F. Supp. 1375, 1382 n.15 (N.D.Ill. 1992).

[34] *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 295 (6th Cir. 1989);  *Webb v. James*, 172 F.R.D. 311, 312 n.l (N.D. Ill. 1997) (Impermissibly filed offers of judgment have no place in the court's record);  *Kason v. Amphenol Corp.*, 132 F.R.D. 197 (N.D. Ill. 1990) ("Fed. R. Civ. P.68 is really unambiguous -- its first sentence provides only for the service of offers of judgment on the adverse party, while its second sentence calls for filing of the offer only if the adverse party accepts it within ten days after such service.  By strong negative inference, that latter reference to filing if and when the offer is accepted confirms the plain meaning of Rule 68's first sentence that no filing is permitted at the time of tender.").

---

balance of the debt with this Court,[35] and any attempt to force a setoff in an offer of judgment is merely an attempt to game the Court and obtain recovery Defendants would not otherwise be entitled to recover in this Court.

The Court must not be persuaded by Defendants' attempt to distract it from the issues raised in Plaintiff's Motion for Summary Judgment. The fact of the matter is that Defendants <u>have not</u> denied the actions which violated the Federal Fair Debt Collection Practices Act and Rosenthal Fair Debt Collection Practices Act. There are <u>no</u> material facts which need to be decided at trial with regard to Plaintiff's Motion for Summary Judgment. A full offer of judgment <u>has not</u> been made and the Court <u>has not</u> been divested of jurisdiction. Therefore, the Court should enter summary judgment against Defendants as requested by Plaintiff. The fact that Defendants have admitted the material facts in this case but have failed to settle this case before filing an Answer, failed to offer a full Rule 68 Offer, or address Plaintiff's motion on the merits indicates that Defendants are not litigating this case on the merits or with economics and judicial resources in mind, but are instead pursuing this litigation for other more nefarious purposes.

## C.   Defendants and Their Counsel Use Ad Hominem Attacks on Plaintiff's Counsel as a Litigation Strategy

Defendants' <u>Opposition</u> is laced with smearing remarks directed at Plaintiff's counsel and the litigation strategy taken by Plaintiff in this case. This brings to mind the saying that you can tell someone is losing an argument when all they can do is resort to personal attacks about their

---

[35] *Hart v. Clayton-Parker & Assocs.*, 869 F. Supp. 774, 777-778 (D. Ariz. 1994) ("[E]very published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims."); *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981); *Ayres v. National Credit Management Corp.*, 1991 U.S. Dist. LEXIS 5629, 1991 WL 66845, at *4 (E.D. Pa. April 25, 1991); *Gutshall v. Bailey and Assocs.*, 1991 U.S. Dist. LEXIS 12153, 1991 WL 166963, at *2 (N.D. Ill. February 11, 1991); *Leatherwood v. Universal Business Service Company*, 115 F.R.D. 48, 49 (W.D. N.Y. 1987) ("The court thus finds that the FDCPA claim and the claim on the underlying debt raise different legal and factual issues governed by different bodies of law. As such, the court concludes that defendant's state-law counterclaim is not logically related to plaintiff's complaint and is therefore not a compulsory counterclaim. Accordingly, the court lacks jurisdiction over defendant's counterclaim and will grant plaintiff's motion to dismiss.").

---

1   opponent.  Stated another way, a resort to personal attacks against one's opponents betrays a lack

2   of credible arguments on the merits.  If Defendants had any actual defenses to Plaintiff's claims, her

3   Motion for Summary Judgment would have been addressed on the merits.  However, Defendants

4   do not have any defenses, and have even admitted the actions which violated the FDCPA and

5   RFDCPA.  The sole purpose of the <u>Opposition</u> is to poison the Court's impression of this case and

6   other cases brought by consumer attorneys on consumer protection issues.

7        Defendants accuse Plaintiff's counsel of ignoring Defendants' attempts to settle this case

8   early.  However, Defendants never made a reasonable settlement offer for Plaintiff to consider.

9   Furthermore, history with Defendants' counsel, Mr. Narita, dictates that Defendants were never

10  actually interested in settling this case early to begin with.  As the Court is well aware, cases of this

11  nature routinely settle before an Answer is even filed.  By hiring an attorney of Mr. Narita's ilk,

12  Defendants are sending the message that economics are not a consideration in the litigation of this

13  case – instead, other reasons are driving the defense.

14       Defendants also accuse Plaintiff's counsel of increasing the fees in this case by filing an early

15  summary judgment motion which "appears to be virtually identical to similar motions that he has

16  filed in other cases," and requests that the Court vacate the hearing in this matter as a way to

17  "preserve judicial resources."  Defendants are scarcely attempting to preserve judicial resources

18  themselves, considering the fact that over 150 pages worth of documents were filed with their

19  <u>Opposition</u>.  Further, the amount of Plaintiff's attorney fees and costs are **not at issue** on the Motion

20  for Summary Judgment before the Court.  However, it should be noted that Plaintiff's litigation

21  strategy of filing an early summary judgment motion is in the interest of keeping costs low in the

22  case, which will be reflected in time records provided to the Court when the issue of fees

23  **legitimately** comes before the Court.  Because Plaintiff filed a motion for summary judgment early

24  in the case, Defendants' counsel is unable to increase Plaintiff's attorney fees and costs as there are

25  no protracted discovery battles or Court mandated ADR processes.  Plaintiff seeks to avoid falling

26  into this litigation trap with Defendants and further burdening this Court.

27       Further, reusing motion documents should not be a point of criticism, but should be

28

applauded by the Court.  Substantially more time would legitimately be spent if Plaintiff's counsel were to start from scratch every time they accepted representation of a new client.  Next, imagine the conniption fit that Defendants would throw if the documents used in this case were drafted from scratch and the requested attorney fees so reflected.  Plaintiff's counsel should be applauded for keeping the attorney fees in this case to a minimum by adapting documents that have been used in other cases.  Drafting pleadings from scratch for each case is neither appropriate nor ethical, and would not be blessed by this Court.[36]

Overall, Plaintiff encourages the Court to see the Defendants' <u>Opposition</u> for what it is, an attempt to turn the Court against Plaintiff and her counsel to avoid liability for their unlawful actions.

### III.  CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant her Motion for Partial Summary Judgment.

CONSUMER LAW CENTER, INC.

By: /s/ Jovanna R. Longo
      Jovanna R. Longo, Esq.
      Fred W. Schwinn, Esq.
      Attorneys for Plaintiff
      JENNIFER LEIGH REED

---

[36] *Cancio v. Financial Credit Network, Inc.*, 2005 U.S. Dist. LEXIS 13626 (N.D. Cal. July 6, 2005) (Plaintiff's counsel sought 11.9 hours for drafting a Complaint in an FDCPA case.  The requested time was reduced by the Court.).