Fred W. Schwinn (SBN 225575)
fred.schwinn@sjconsumerlaw.com
Jovanna R. Longo (SBN 251491)
jovanna.longo@sjconsumerlaw.com
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190

Attorneys for Plaintiff
JENNIFER LEIGH REED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JENNIFER LEIGH REED,<br><br>             Plaintiff,<br><br>v.<br><br>GLOBAL ACCEPTANCE CREDIT COMPANY, a Texas Limited Partnership; and GAC GP, LLC, a Texas Limited Liability Corporation,<br><br>             Defendants. | Case No. C08-01826-RMW-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN**<br><br>Date:      August 8, 2007<br>Time:     10:30 a.m.<br>Judge:    Honorable Ronald M. Whyte<br>Courtroom: 6, 4th Floor<br>Place:     280 South First Street<br>               San Jose, California |

The parties in the above-entitled action hereby submit this Joint Case Management Statement and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management conference to be conducted in this matter on August 8, 2008, at 10:30 a.m. The parties jointly request that the Court enter a Case Management Order in this case, based on the parties discovery plan outlined in this document, without a Case Management Conference.

**1.     Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction is federal question jurisdiction. No parties remain to be served.

/ / /

**2.    Statement of Facts**

    **a.    Plaintiff's Statement**

This case is brought by an individual consumer to address Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"). The violations stem from Defendants' communications attempting to collect a consumer debt from Plaintiff. Correspondence between the parties has been attached to the Complaint as exhibits.

Generally, Plaintiff is alleged to have owed a consumer debt which was sold, assigned or otherwise transferred to Defendants. Thereafter, Defendants sent a collection letter to Plaintiff in an attempt to collect the debt. After receiving Defendants initial collection letter, Plaintiff mailed a letter to Defendants which stated: "please be advised that I dispute this debt and refuse to pay." After receiving Plaintiff's letter notifying Defendants of her refusal to pay the debt, Defendants continued to communicate with the Plaintiff in an attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692c(c) and Cal. Civil Code § 1788.17.

Plaintiff also contends that messages which Defendants recorded on Plaintiff's answering machine violated the Fair Debt Collection Practices Act. Defendants' failed to disclose that their answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11) and Cal. Civil Code § 1788.17. See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

    **b.    Defendants' Statement**

Defendants respectfully request that the Court vacate the current Case Management Conference and reset the conference after the decision on the pending motion for summary judgment, on a date convenient for the Court. Defendants have filed an Answer in this action, denying all of the material allegations of the complaint, and denying that they violated federal or state law in their efforts to collect Plaintiff's debt. Defendants further assert that the Plaintiff was obligated to accept the Rule 68 offer that they served in this matter, as it offered Plaintiff more than

1  she should could hope to recover if she were to prevail in this matter. Defendants further contend
2  that the Plaintiff's refusal to accept the offer renders her claim moot and strips her of standing to
3  further prosecute this action. Further information regarding Defendants' position is contained in the
4  opposition that it filed to the pending motion for summary judgment.

5      **3.**    **Legal Issues**

6  The principal legal issues which the parties dispute:

7      a.    Whether Defendants failed to disclose that the communications were from a
8  debt collector, in violation of 15 U.S.C. § 1692e(11) and Cal. Civil Code §
9  1788.17;

10      b.    Whether Defendants continued their collection efforts against Plaintiff after
11  receiving a written notification that Plaintiff refused to pay the debt being
12  collected, in violation of 15 U.S.C. § 1692c(c) and Cal. Civil Code §
13  1788.17.

14      **4.**    **Motions**

15          **a.**    **Motion for Summary Judgment**

16  **Plaintiff's Position:**

17  Defendants have admitted all of the facts which Plaintiff needs to prove her case, including
18  the actions which Plaintiff claims caused the violation. However, Defendants will not admit that
19  their actions violated the Fair Debt Collection Practices Act. Plaintiff argues in her motion that this
20  element is satisfied as a matter of law, and the Court should enter summary judgment in her favor.
21  Plaintiff requested that Defendants cease communications, and despite receiving this request,
22  Defendants sent her three additional collection dunning letters and placed six voice messages on her
23  answering machine. These communications are a clear violation of 15 U.S.C. § 1692c(c). Further,
24  the answering messages left by Defendants violate 15 U.S.C. § 1692e(11), as they do not include
25  the required disclosures. These violations are clear and straightforward, therefore, Plaintiff should
26  prevail on summary judgment.

27  Defendants' argument that the Rule 68 offer of judgment moots jurisdiction of this case is
28  unfounded. The offer does not moot jurisdiction because it is not full and complete compensation

-3-

for the violations alleged in Plaintiff's Complaint. The offer includes a setoff for the amount of the alleged debt, a term which goes against public policy, encroaches upon Plaintiff's counsel's lien on the recovery, and allowing such a term would frustrate Congress' intention to create an incentive for consumer attorneys to take these fee shifting cases.

**Defendants' Position:**

Defendants deny that they violated state or federal law, and Defendants have asserted affirmative defenses that bar Plaintiff's claims as a matter of law. Defendants also contend, as explained in further detail in their opposition to the current summary judgment motion, that the case has been rendered moot by the Rule 68 offer that was served on Plaintiff.

    **b.**    **Other Motions**

There are no other motions pending at this time.

**5.**    **Amendment of Pleadings**

At this time, Plaintiff does not anticipate amending the Complaint. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims.

**6.**    **Evidence Preservation**

Plaintiff will propose a protective order to govern production of confidential material in the litigation.

Defendants have directed their relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.

**7.**    **Disclosures**

    **a.**    **Plaintiff's Statement**

Plaintiff served formal written disclosures on July 25, 2008, as required by Fed. R. Civ. P. 26(a)(1).

    **b.**    **Defendants' Statement**

Defendants will serve their initial disclosures on August 1, 2008.

**8.**    **Discovery**

**Plaintiff's Discovery:** Plaintiff will serve Admissions, Interrogatories and Requests for

1  Production of Documents shortly. At this time and without the benefit of Defendants' initial
2  disclosures, Plaintiff anticipates that he may require up to 10 depositions in this matter.

**Defendants' Discovery:**

Defendants will serve written discovery and take depositions as needed.

**9.    Class Actions**

This case is not a class action. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

**10.   Related Cases**

The parties are not aware of any related cases at this time.

**11.   Relief**

**a.    Plaintiff's Statement**

Plaintiff requests that this Court:

   i.   Declare that Defendants' answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11);

   ii.  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c);

   iii. Declare that Defendants' answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

   iv.  Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

   v.   Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   vi.  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

   vii. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

|    |    |    |
|---|---|---|
| viii. | Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and |
| ix. | Award Plaintiff such other and further relief as may be just and proper. |

**b.    Defendants' Statement**

Defendants reserve the right to seek their costs and attorneys fees.

**12.    Settlement and ADR**

**a.    Plaintiff's Statement**

Plaintiff does not believe that ADR is appropriate in this case. The factual issues are largely admitted and the legal issues have been briefed for the Court. Requiring the parties to ADR will only serve to unnecessarily increase the attorney fees and costs in this case.

**b.    Defendants' Statement**

None.

**13.    Consent to Magistrate Judge for All Purposes**

The Parties have not consented to a Magistrate Judge for all purposes.

**14.    Other References**

None at this time.

**15.    Narrowing of Issues**

The Parties anticipate that resolution of motions may narrow the issues for determination.

**16.    Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17.    Scheduling**

| | |
|---|---|
| Initial Case Management Conference | August 8, 2008 |
| Close of Fact Discovery | January 31, 2009 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | February 13, 2009 |
| Last Day to File Dispositive Motions | March 6, 2009 |
| Opposition to Dispositive Motions | March 20, 2009 |

| | | |
|---|---|---|
| 1 | Replies to Dispositive Motions | March 27, 2009 |
| 2 | Hearing on Dispositive Motions | April 10, 2009 |
| 3 | Final Pre-Trial Conference | April 23, 2009 |
| 4 | Jury Trial | May 18, 2009 at 1:30 p.m. |

**18.  Trial**

The parties anticipate that the action can be ready for trial in May 2009.

Estimated length of trial is 2-3 days.

**19.  Disclosure of Non-Party Interested Entities or Persons**

    **a.  Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        i.  Jennifer Leigh Reed, an individual residing in San Jose, California.

    **b.  Defendants' Statement**

Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        i.  Global Acceptance Credit Company, LLC

        ii.  GAC GP, LLC

**20.  Other Matters**

None at this time.

/ / /

/ / /

/ / /

1  Dated: August 1, 2008                    /s/ Fred W. Schwinn
                                            Fred W. Schwinn, Esq.
2                                           Jovanna R. Longo, Esq.
                                            Attorneys for Plaintiff
3                                           JENNIFER LEIGH REED

4
   Dated: August 1, 2008                    /s/ Tomio B. Narita
5                                           Tomio B. Narita, Esq.
                                            Attorney for Defendants
6                                           GLOBAL ACCEPTANCE CREDIT
                                            COMPANY and GAC GP, LLC